ALBERT M. PETT and THOMAS REYNOLDS, Plaintiffs
in Error,

*vs.*

ABRAM F. CLARK, Defendant in Error.

ERROR TO DANE CIRCUIT COURT.

A default cannot be entered against two defendants after one of them has pleaded. A default so entered is irregular against the defendant pleading.

If a party plead before default entered, though out of time, or without leave, if the plea be good in substance and form, his default cannot be entered while the plea stands. The proper practice in such case is, to move to strike the plea from the files.

THE facts in this case are sufficiently stated in the opinion of the court.

*Abbott, Clark & Coit,* for the plaintiffs in error.

*Enos & Hall,* for the defendants in error.

*By the Court,* SMITH, J. This was an action of assumpsit commenced in the Circuit Court of Jefferson county, by the defendant in error against the plaintiffs in error. The declaration was in the common counts, and was filed January 8th, 1855. On the 19th day of February, 1855, the defendant Reynolds filed his plea of the general issue, together with notice of set-off. On the 14th day of September, A. D. 1855, the default of both the defendants having been entered, a writ of inquiry was issued to the sheriff, which was returned with an assessment of the plaintiff's damages at $150.04; and on the 15th day of March, 1856, in term time, final judgment was rendered against both the defendants for the amount of damages returned as aforesaid.

fendants was entered after one of them had filed his plea. For aught that appears, the plea was regularly filed; at all events, it was good in substance and in form, and constituted a part of the record, and while there a default could not be entered against the defendant pleading it. If pleaded out of time, or if leave was not obtained, or if there was any reason why the defendant ought not to have been allowed to plead, the proper practice would have been to move to strike the plea from the files. Having done so, and the motion having been sustained, the default could be entered, but not while the plea remained on the files as a part of the record in the case.

The existence of the plea was doubtless overlooked in the hurry of circuit practice. But the entry of the default and assessment of damages was irregular, and the judgment must therefore be reversed.