CHARLES H. DEWEY & EMERSON L. STONE, AND OTHERS, APPELLEES, v. JOHN H. LEWIS, AND OTHERS, APPELLANTS.

Practice: APPEAL. Appellants filed their answer out of time. On the 3rd day of May, 1880, and while the said answer was on file, the court defaulted them as for the want of an answer. On the 22nd day of June following, the said defaulted defendants filed their motion to set aside their said default, and for leave to refile their answer *nunc pro tunc*, together with three affidavits in support of said motion. It does not appear that this motion was ever brought to the attention of the court, nor that any ruling was ever had thereon. On the 11th day of December, 1880, on motion of the attorneys of the plaintiffs, the answer of the said defendants was ordered stricken from the files. On the 23rd day of the same month, appellants were called in open court, and failing to answer were again defaulted, and thereupon a trial was had to the court between plaintiffs and other defendants who had answered, and a final decree rendered. There was no bill of exceptions. Upon appeal, *held*, that there was no case presented for the action of this court, and that the appeal must be dismissed.

APPEAL from the district court for Adams county. Tried below before GASLIN, J. The facts, sufficient to an understanding of the point decided here, appear in the opinion.

*T. D. Scofield*, for appellants.

*James Laird* and *B. F. Smith*, for appellees, Dewey & Stone.

COBB, J.

The appellants were not original parties to the suit, but were made parties on their own application, by order of the court below. On the 13th day of December, 1879, and in and by the same order, the court granted leave to the plaintiffs to amend their petition and to file their amended petition within forty days from the date of said

order, and allowed the defendants sixty days in which to file their answer. On the 15th day of January, 1880, the plaintiffs filed their amended petition. On the 15th day of March following the appellants filed their answer in the cause. On the 3rd day of May next ensuing, the following journal entry was made: " * * * thereupon this cause come on further to be heard upon the motion of the plaintiff to enter a default against the defendants, J. H. Lewis & Co. and Lewis & Coglan, whereupon said defendants, and each of them, are three times severally called in open court, but come not, thereby making default. * * * It is therefore considered and adjudged by the court here that default be, and the same is, hereby entered of record against the said defendants."

On the 3rd day of December, 1880, the plaintiffs, appellees, filed their motion to strike the answer of the appellants from the files, for the reason that the said answer was filed out of time. On the 11th day of December, the said motion was sustained by the court, and the said answer stricken from the files, and on the 23rd day of the same month the appellants were regularly defaulted for the want of an answer, a trial had to the court between the plaintiffs and answering defendants, and a final decree rendered and entered.

It further appears that on the 22nd day of June, 1880, the appellants filed in the said court a motion to set aside the order of default entered against them in said cause "for the want of an answer on the 3rd day of May last, at the last term of this court," which said motion was based upon, and accompanied by, three several affidavits of the attorney of the appellants. Now, it not only does not appear that this motion was ever brought to the attention of the court, but it appears affirmatively from the certificate of the clerk that the same never was acted upon by the court. The record not being put together with any regard to order or sequence, it is

difficult to tell whether it is all here that the appellants desired to bring up, while it is evident that there is a good deal that need not have been brought. So it seems that the appellants, not being original parties to the suit, applied to and sought the discretionary favor of the court, to allow them to answer and become parties defendant. This the court granted, and in the order granting it, required them so to answer within a limited time. For some cause they failed to answer within the time thus limited, but placed an answer on file beyond and out of time. On the 3rd day of May, 1880, and while the said answer, though filed out of time, was actually on file, the court entered the default of the said appellants for the want of an answer. So the case stood for more than seven months without another step being taken by the plaintiffs, when, probably, discovering that an error had been committed in defaulting the said defendants, when their answer was actually on file, they moved the court to strike the answer from the files, which was done, and the said defendants were called and regularly defaulted, and on the same day a final decree in the cause entered, from which the appellants appeal to this court. There is no bill of exceptions, and so this court cannot enquire into the merits of the decree. It is apparent that by some means the appellants have been deprived of a hearing. Whose fault this is, is not so apparent. Appellants claim in their brief, that their motion of June 22nd was brought to the attention of the court, that it took the same under advisement, but never decided the same; but they have failed to bring up any record of this. Were this shown by the record, it would probably be considered error in the district court to have rendered a final decree in the case, without first disposing of the motion. But the district court will be presumed to be willing to do justice between any of its suitors. Also to be

ready and willing to make its own records complete and consistent. Upon this principle it must be presumed either that the attention of the court never was called to the motion and affidavits of the appellants, or that having been called thereto, the proper order was made, and that by accident or oversight on the part of the clerk, such order was not recorded. In either case the district court is the proper tribunal to which application should be made for redress. If, upon timely and proper application, such court should refuse or fail to take action in the premises, this court possesses the power to compel it to take such action as would either grant the proper relief or enable this court to take jurisdiction of the matter on appeal or error. But until there has been erroneous action, or a failure to act, on the part of the trial court, upon proper motion by the complaining party, this court has nothing upon which to act.

It therefore necessarily follows that the appeal must be dismissed.

APPEAL DISMISSED.