[L. A. No. 3225.    Department One.—December 10, 1913.]

C. C. REHER, Plaintiff, v. GEORGE H. REED, Defendant, Cross-complainant and Appellant; C. C. REHER et al., Defendants in Cross-complaint, Respondents.

JUDGMENT—SETTING ASIDE DEFAULT—ABSENCE OF AFFIDAVIT OF MERITS —VERIFIED ANSWER ON FILE.—The absence of an affidavit of merits on a motion to set aside a judgment by default entered on a cross-complaint is fully excused, if at the time of the motion a verified answer was on file, which stated a good defense to the cause of action set forth in the cross-complaint. The filing of a verified answer is a practice to be preferred to that of filing the ordinary so-called "affidavit of merits."

ID.—NOTICE OF MOTION—REFERENCE TO RECORDS AND PAPERS ON FILE— AFFIDAVITS—GROUNDS OF MOTION UNDER SECTION 473 OF CODE OF CIVIL PROCEDURE.—A notice of motion to set aside a judgment by default, which stated that it would be made upon the record and papers on file and upon the affidavits served with the notice, is sufficient to apprise the adverse parties of the grounds of the

motion, if the application be considered as made under section 473 of the Code of Civil Procedure, where the records referred to showed that the entry of the default and judgment was made by the clerk after the answer had been served and filed, and the affidavits stated facts tending to show that the delay in filing the answer was because of a mistake on the part of the attorneys for the moving parties as to the date on which it was due.

ID.—AUTHORITY OF CLERK TO ENTER DEFAULT.—The clerk is not authorized to enter a default, unless no answer has been filed within the time specified in the summons or such further time as may have been granted.

ID.—PLEADING FILED AFTER TIME ALLOWED BUT BEFORE DEFAULT IS ENTERED—DEFAULT CANNOT BE ENTERED WHEN ANSWER IS ON FILE. When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the mean time the pleading is served and filed, he, by such conduct, in effect grants the additional time and the party filing the pleading is not in default. The clerk is not authorized to enter a default for failure to file an answer when the answer is on file at the time the default is attempted to be entered.

ID.—COURT MAY SET ASIDE UNAUTHORIZED DEFAULT SUA SPONTE.— Where a default is entered by the clerk without authority, he has no authority to enter judgment thereon. A judgment so entered may be set aside by the court of its own motion at any time, and it is immaterial how the invalidity is called to its attention.

APPEAL from an order of the Superior Court of Imperial County setting aside a judgment and default entered by the clerk. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Shaw, Ross & Dyke, for Appellant.

H. W. Brewer, and F. C. Farr, for Respondents.

SHAW, J.—This is an appeal from an order setting aside a judgment and default entered by the clerk. The defendant filed a cross-complaint against the plaintiff and also against George C. Reher and C. M. Reher who were not parties to the action, asking that they be brought in, and for judgment against them for $7,285. A summons on the cross-complaint was served on said parties defendant thereto in May, 1911,

and by a stipulation filed in the cause their time to plead to the cross-complaint was extended to October 21, 1911. No answer or demurrer was filed within that time. On October 31, 1911, no default having been entered or demanded, the said cross-defendants duly served and filed their answer to the cross-complaint. Thereafter, on November 8, 1911, upon application of said Reed, an entry was made by the county clerk declaring the default of said cross-defendants for failure to answer the cross-complaint within the time stipulated, and upon said supposed default the clerk then entered judgment against them for the sum demanded in the cross-complaint.

On December 13, 1911, the said parties gave a written notice that they would move the court to set aside said judgment, stating therein ·"that said motion will be based upon the records and papers on file in the office of the county clerk and upon the affidavits of H. W. Brewer and F. C. Farr, copies of which are hereto attached," but not otherwise stating the grounds upon which the motion would be made. Objection to the hearing of the motion was made by the appellant, Reed, because the notice did not set forth the grounds of the motion, and because no affidavit of merits was filed or presented. The court overruled the objections, granted the motion, and ordered that the judgment be set aside. In support of this appeal the appellant renews the objection made at the hearing.

The objection that there is no affidavit of merits is fully met by the fact that the answer was already on file, that it was duly verified, and that it states a good defense to the cause of action set forth in the cross-complaint. (*Fulweiler* v. *Hog's Back etc. Co.*, 83 Cal. 129, [23 Pac. 65] ; *Merchants' Co.* v. *Los Angeles etc. Co.*, 128 Cal. 622, [61 Pac. 277] ; *Melde* v. *Reynolds*, 129 Cal. 314, [61 Pac. 932].) The filing of a verified answer is a practice to be preferred to that of filing the ordinary so-called "affidavit of merits." (*Bailey* v. *Taaffe*, 29 Cal. 426.)

The notice of motion stated that it would be made upon the records and papers on file and upon the affidavits served with the notice. The records referred to showed that the entry of the default and judgment was made by the clerk after the answer had been served and filed. The affidavits stated facts tending to show that the delay of ten days in filing the an-

swer was because, by a mistake on the part of the attorneys for said parties, they believed the time fixed was October 31st instead of October 21st. If we consider this motion as an application under section 473 of the Code of Civil Procedure it seems obvious that these defects in the proceedings were called to the attention of the cross-complainant with sufficient clearness to enable him to know the grounds upon which the application would be made.

But it was not necessary to resort to section 473 or to determine whether or not, as an application under that section, the grounds were well stated. The clerk is not authorized to enter a default unless no answer has been filed "within the time specified in the summons or such further time as may have been granted." (Code Civ. Proc., sec. 585.) When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the mean time the pleading is served and filed, he, by such conduct, in effect grants the additional time and the party is not strictly in default. The clerk is not authorized to enter a default for failure to file an answer when such answer is on file at the time such default is attempted to be entered. This was expressly decided in *Tregambo* v. *Comanche Co.,* 57 Cal. 501. There the time to answer expired on April 21, 1879. A demurrer was mailed to the clerk on April 20th, but did not reach him until April 29th. The default was entered by the clerk on May 2nd. It was held that the default was not authorized and should have been set aside by the lower court. There is abundance of authority to the same effect in the decisions of other states. (6 Ency. of Plead. & Prac., 85; *Rhodes* v. *McFarland,* 43 Ala. 101; *Hurlock* v. *Pembroke,* 41 Tex. 580; *Pett* v. *Clark,* 5 Wis. 198; *Castle* v. *Judson,* 17 Ill. 384; *Cook* v. *Forest,* 18 Ill. 581; *Walker* v. *Tiffin etc. Co.,* 2 Colo. 92; *Redfield* v. *Miller,* 59 Iowa, 393, [13 N. W. 334].) It follows that on the face of the record it appeared that the clerk was without authority to enter the default, and, consequently, without authority to enter the judgment. In such a case the court may set aside the judgment of its own motion at any time, and it is immaterial how the invalidity is called to its attention. (*Wharton* v. *Harlan,* 68 Cal. 422, 425, [9 Pac.

727] ; *Kelly* v. *Van Austin,* 17 Cal. 564; *People* v. *Greene,* 74 Cal. 404, [5 Am. St. Rep. 448, 16 Pac. 197].)

The order appealed from is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.