## BERTAGNOLLI BROS. ET AL v. BERTAGNOLLI ET AL.

(No. 762; Decided May 10th, 1915; 148 Pac. 374.)

APPEAL AND ERROR—DEFAULT JUDGMENT—AUTHORITY OF CLERK TO ENTER PENDING DEMURRER—PLEADINGS—PLEADING FILED OUT OF TIME—MOTION TO STRIKE—JUDICIAL DISCRETION—DEMURRER—JURISDICTION—WAIVER—PROCEDURE—VOID JUDGMENT—DEFAULT—MOTION TO SET ASIDE DEFAULT.

1. Defendants, after time for answer or plea and without leave of court, filed a demurrer. Thereafter on written application of plaintiff, the clerk pursuant to Comp. Stats. 1910, Section 4456, entered a default judgment against defendants for the amount specified in the petition. Defendants filed a motion for a new trial, which also contained a request that the demurrer be considered, as filed in time to prevent default, which motion was overruled, the order reciting that the court refused to set aside the default judgment or grant a new trial. Held, that the clerk was without authority to determine the effect of the demurrer or

to enter a default judgment, until the demurrer was disposed of. *Further held,* that the court could not consider the demurrer, nor extend the time for filing, without first setting aside the default judgment.

2. The proper practice for setting aside a default judgment is by motion to set aside the judgment and the default. A motion for a new trial is not the usual or correct procedure to attack a default judgment.

3. An objection to a pleading, that it was filed out of time, may be waived, or the court in the exercise of a sound discretion may deny a motion to strike it from the files and permit it to stand as a pleading in the case.

4. The authority conferred by Comp. Stats. 1910, Section 4456, upon clerks of district courts to enter default judgments in certain cases upon application of a plaintiff or his attorney is ministerial in character and cannot be exercised by a clerk pending the disposition of a pleading filed 'by defendant out of time, since the effect and standing of such a pleading involves a judicial question.

ERROR to the District Court, Sweetwater County; HON. DAVID H. CRAIG, Judge.

Action upon a promissory note. Defendants who were in default filed a demurrer out of time and while the same was pending undisposed of, the Clerk, upon application of plaintiff, entered a default judgment against defendants pursuant to the provisions of Section 4456, Comp. Stats. 1910. From an order overruling their motion for a new trial, defendants prosecute error.

*T. S. Taliaferro, Jr.,* and *W. A. Muir,* for plaintiffs in error.

The Clerk was without authority to decide as to the standing or merits of the demurrer. No such authority is delegated by Comp. Stats. 1910, Section 4456. The authority of the Clerk is purely ministerial, and is fixed by statute. (6 N. C. Y. P. P. 102.) The judicial power of the state is prescribed by the Constitution (Article 5, Section 1). The authority of the Clerk to enter default judgments in certain cases is based upon an amendment made to a statute adopted from Ohio. (S. L. 1905, Chapter 62;

Comp. Stats. 1910, Section 4456.)   A default judgment
cannot be entered by the Clerk after the filing of a plea,
even filed out of time, while the plea remains undisposed of.
(Pitt v. Clark, 5 Wis. 198; Castle v. Judson, 17 Ill. 381;
Cook v. Forrest, 18 Ill. 581; Corbin v. Terrell, 20 Ill. 516;
Walker v. Tiffin, 2 Colo. 89; Acock v. Halsey (Calif.), 27
Pac. 194; Bowman v. Dickerson, 18 Cal. 420; Canal Bank
v. Newberry, 7 Ia. 4; Briggs v. Sholes, 14 N. H. 262;
Lunnun v. Morris, 95 Pac. 909.)   Failure of defendants to
plead was shown by affidavit to be due to their ignorance
and they should be allowed to defend upon the merits.
(Hanthorn v. Oliver, 51 Pac. 440.)   The application to the
court was in fact to set aside the default judgment.   This
he refused to do and the only way to secure a review of
that ruling is by a motion for a new trial.   (Sutherland
Code Pleading, Vol. 1, Sec. 1420.)   Where the objection
attacks the jurisdiction an appeal will lie to reverse the
judgment as void.   (6 Enc. Pl. & Pr. 244.)

M. C. Brown and D. A. Preston, for defendants in error.

Default judgments entered by Clerks have been universally
upheld.   (6 Enc. Pl. & Pr. 67.)   The Clerk, of course, acts
ministerially.   (6 Enc. Pl. & Pr. 104.)   A failure to answer,
as required by law and on time, is a confession of all mat-
ters pleaded in the petition.   (6 Enc. Pl. & Pr. 106; Comp.
Stats. 1910, Section 4456.)   The entry by the Clerk is,
therefore, a form of confession of judgment and is a judg-
ment of law.   After default of appearance or answer, an
appearance by filing a frivolous demurrer cannot change the
facts so confessed.   (6 Enc. Pl. & Pr. 132, and cases cited
in notes.)   Where a defendant makes default he is out of
court and is not entitled to take further steps affecting plain-
tiff's right of action.   (Fisk v. Baker, 47 Ind. 534; Lake v.
Jones, 49 Ind. 300; Briggs v. Suegliase, 45 Ind. 14; Bray-
ton v. Delaware County, 16 Ia. 44; Crete v. Hazelton, 50
N. W. 355; Gilstrap v. Filtz, 50 N. W. 428; 6 Enc. Pl. &
Pr. 126.)   The result may be changed on application to set
aside the default, but it is discretionary for the court.   De-

fault has been defined by this court. (Brophy v. Brunswick
& Balke, 2 Wyo. 91.) In New York an answer filed out of
time is regarded as a nullity, and default judgment may be
taken. (Vol. 6, Note 1, Enc. P. & P.) The Colorado cases
are restricted to matters occurring in court. (Walker v.
Tiffin, *supra*.) In Alabama the matter is settled by rule of
court. (Rhoades v. McFarland, 43 Ala. 95.) In Ohio an
answer filed out of time will not prevent default. (Barnes-
ville Bank v. Western Union Telegraph Co., 30 Oh. St.
355.) When a plea is bad or frivolous it is a nullity and
default may be entered. (Faus v. Stickney, 3 Johns. N. Y.
541.) The demurrer in this case is clearly frivolous and
should be treated as a nullity. We cite on the question of
default: Martin & Nichols v. Moon, 1 Wyo. 23; Brophy v.
Brunswick & Balke, 2 Wyo. 91; Garbanati v. Beckwith &
Co., 2 Wyo. 216. There was no affidavit of merit filed
showing a defense. (Black v. Kearney, 132 Cal. 18, 64 Pac.
267; Nevada Bank v. Dresbach, 63 Cal. 324.) It is an
abuse of discretion to open a default without a showing of
merits. (Sandowitz v. Duane, 62 N. Y. S. 749; Marsh v.
Griffin, 123 N. C. 660, 31 S. E. 840.) An affidavit by an
attorney is insufficient. (25 Misc. 695; 6 Enc. Proc. 834-
835.) It is contended that defendant had no right to file
pleadings until the default was set aside by the court.
(6 Enc. Pl. & Pr. 126.) Defendants' remedy was to move
to set aside the default and judgment. (6 Enc. Pl. & Pr.
151-152.) A motion for a new trial is improper. (Crowin
v. Thomas, 83 Ind. 110; Adams v. Howard, 14 Ver. 158.)
A judgment will not be vacated by motion or petition until
it is adjudged that there is a valid defense. (Comp Stats.
1910, Section 4656.)

*T. S. Taliaferro, Jr.,* and *M. E. Wilson* of Sale Lake, of
counsel, in reply.

Section 4456, Comp. Stats. 1910, is unconstitutional and
void for irregularity in its enactment. (Art. 3, Section 24,
State Constitution.) The title of the act was defective, as
Section 3606, R. S. 1899, did not relate to judgments on

default. Section 5133 of the Ohio Statutes never authorized the Clerk to enter a default judgment. The history of such legislation is reviewed in Association of Credit Men v. Bowman, 113 Pac. 63 (Utah). Bank v. Telegraph Co., cited by the opposition, is not in point. The amendment of Section 4456 is unlike the Utah Statute, Section 3179. The entry of default differs from the entry of a judgment. (2 Freeman on Judgments, 533.) The purpose of a default is to enter of record the fact that the time for answer had expired. (Fitnam Trial Procedure, Section 508.) Under the California practice a Clerk may not enter a default in any case, where answer, demurrer or motion has been filed. (Sutherland Code Pleading, 1443.)

*M. C. Brown* and *D. A. Preston,* in reply.

Section 4456 is constitutional. A similar statute was upheld in Utah. (Utah Association of Credit Men v. Bowman, 113 Pac. 63; Morebeck et al. v. Bradford-Kennedy Co. et al., 113 Pac. 82; Hall v. Whittier, 116 Pac. 1031; Hunt v. City of San Francisco, 11 Cal. 259; Smith v. Carley, 8 Ind. 451.) An affidavit of merits or a verified answer is necessary in all cases to set aside a default. (Silver Peak Gold Min. Co. v. Harris, 116 Fed. 39; Black v. Kearney, 132 Cal. 18, 64 Pac. 267; Nevada Bank of Calif. v. Dresback, 63 Cal. 324; Fosden v. Richter, —— L. R. 23; 2 B. D. 124; Sandowitz v. Duane, 62 N. Y. Supp. 749; Davis v. Solomon, 56 N. Y. Sup. 80; Marsh v. Griffin, 123 N. C. 660, 31 S. E. 840; Davis v. Solomon, 56 N. Y. Sup. 80; Onivo v. Ward, 19 Wis. 232; Buston v. Galvin, 62 Ind. 352; Marsh v. Bost, 41 Mo. 493; Begler v. Baker, 40 Neb. 325.)

POTTER, CHIEF JUSTICE.

This is an action on a written contract for the payment of money only, brought in the District Court in Sweetwater County by Mike Bertagnolli against Bertagnolli Bros., a domestic copartnership, and Phillip Bertagnolli. The petition was filed June 26, 1912, and a summons was issued on the same day properly made returnable July 8, 1912, and

requiring the petition to be answered on or before July 27, 1912, that being the third Saturday after the return day of the summons. No question is here raised as to the sufficiency of the summons or the service thereof. Judgment was prayed in the sum of $1,000 with interest thereon at eight per cent per annum from May 29, 1911, and that sum was endorsed upon the summons as the amount for which with interest as aforesaid judgment will be taken if the defendants fail to answer. No answer or other pleading was filed within the time prescribed by law and stated in the summons, but on August 7, 1912, the defendants jointly filed a demurrer to the petition on the ground that the cause of action was barred by the statute of limitations; the said demurrer being filed without leave of court or the consent of the plaintiff. Thereafter, on September 16, 1912, the plaintiff, through his attorney, filed a written application for default judgment to be entered by the clerk of the court, and thereupon the clerk entered a judgment against the defendants and in favor of the plaintiff for the amount with interest endorsed on the summons and specified in the petition, viz.: $1,110, together with costs of the action. It appears by the letter addressed to the clerk and inclosing the application for judgment that plaintiff's attorney was aware of the fact that said demurrer had been filed, but that he considered it a nullity because filed after the time for answer had expired, and so clearly without merit that even if it had been filed in time the court would not permit the defendants to appear further in the case.

On September 18, 1912, the defendants filed a motion for new trial and on September 19th an amendment to that motion. The motion and the amendment were afterwards overruled by the court, the entry recording such ruling reciting that the court refused to set aside the judgment entered by the clerk or grant a new trial. The entry also recites that each of the defendants excepted to the ruling. Without reciting the several grounds stated in the motion or the amendment thereto it is sufficient to say that the defendants thereby challenged the authority of the clerk to

enter the judgment while the demurrer remained on file and undisposed of, and alleged surprise through a misunderstanding on the part of the defendants as to the time they were required to appear or answer the petition. Though called a motion for new trial and asking that a new trial be granted, the motion contained a request that the court consider the demurrer as though filed in time to prevent default, and that the time for filing the same be extended to include the date on which it was filed. And the motion was supported by an affidavit attached thereto intended, as we suppose, as a showing of facts to excuse the delay in pleading and to justify a consideration of the demurrer. There is a bill of exceptions in the case showing the facts aforesaid which do not otherwise appear upon the record.

The court could not properly have considered the demurrer or extended the time for pleading without first setting aside the judgment, and a motion for new trial is not the usual or correct method for procuring the vacation of a default judgment. The proper practice would have been to move to set aside the judgment and the default. But if the clerk was without authority to enter the judgment it is immaterial that the matter was not presented by a proper motion for such a judgment rendered without authority is void, and the court might vacate it without a motion, and it would be competent to raise the question for the first time in the appellate court. Authority is conferred upon the clerk of the District Court to enter a default judgment in certain cases, without application to the court or judge, by Section 4456, Wyoming Compiled Statutes (1910). The section reads as follows:

"In an action upon an account, or written instrument or other contract, express or implied, for the payment of money only, or in foreclosure, judgment may be entered at any time during the term, after the defendant is in default for an answer, but the court may, for good cause shown, give further time for answer. After the expiration of such time for answer and the defendant's default, as herein specified, the clerk of the court shall, upon application of

the plaintiff, or his attorney, in writing or orally enter judgment for the amount with interest endorsed on the writ, and specified in plaintiff's verified petition, together with the costs of the action, and no other or further proof of plaintiff's claim shall be required in such case."

That part of the section providing for the entry of judgment by the clerk was added by an amendment of the section in 1905. (Laws 1905, Ch. 62.)    It is generally held under such a statute that it directs the judgment to be entered and that the clerk acts merely in a ministerial capacity; and upon that ground the validity of statutes conferring such authority upon the clerk is upheld.    (See Utah Assn. &c. v. Bowman, 38 Utah, 326, 113 Pac. 63, Ann. Cas. 1913B, 334.)    The court in the case cited, speaking of this power of the clerk, say:    "This duty is imposed by law, and the clerk has no discretionary powers with respect thereto.    His act in entering such a judgment is no more judicial or discretionary than his act in entering a judgment upon the verdict of a jury or the finding of the court would be.    In either case the law imposes the duty, and in entering the judgment the clerk merely executes what the law requires of him."    Hence it must appear that any judgment so entered by the clerk was within the authority conferred by the statute, or otherwise the judgment will be void.    (Freeman on Judg., Sec. 533; 1 Black on Judg., Sec. 88.)    It is said in Freeman on Judgments in the section cited:    "The clerk derives all his powers from the statute, and as they are special no intendments are to be made in support of his act, but in each case it must appear that what he did was within the authority conferred on him by the statute.    *  *  *  *    The question is, had he authority to enter the defendant's default, and thereupon judgment final against him as the case stood at that time?    If this question is answered in the negative, or in other words, if the clerk had no authority to enter the default, or if, having authority to enter the default, he had no authority to enter judgment thereon, then any judgment entered by him without the direction of the court is void."    It is held, however, that where the authority

of the clerk is conceded, but there is a mere mistake in exercising it, the judgment will not be void, for jurisdiction would not be lacking, but an error to be corrected on motion timely made or on appeal. (Id., Sec. 534; Black on Judg., Sec. 88.)

The question presented in this case goes to the jurisdiction, for it involves the authority or power of the clerk to act at all, in view of the fact that a demurrer had been filed before judgment was applied for or entered and remained on file and undisposed of. The question to be determined is this: Did the filing of the demurrer after the time for answer had expired, without leave of court or consent, but before the application for judgment, divest the clerk of the authority conferred by statute to enter the judgment? We think it clear that unless the demurrer was a nullity the clerk was not authorized to enter a default judgment. Acting ministerially only, he has no power to determine the sufficiency of an answer or other pleading, either as to form or substance, or whether, if filed out of time, it shall be allowed to remain on file. Only the court or judge may determine those questions. An objection to a pleading on the ground that it was filed out of time may be waived, and the court in the exercise of a sound discretion may refuse to strike it from the files and consider it as though filed in time. Under Section 4456, above quoted, the time for answer may be extended, and Section 4418 (Comp. Stat. 1910) provides that the court, or a judge thereof in vacation, may, for good cause shown, extend the time for filing any pleading upon such terms as are just. If the plaintiff had moved to strike the demurrer from the files the court might have overruled the motion and allowed the pleading to stand, which would be conclusive unless excepted to and subsequently set aside. (Parker v. Haight, 14 O. C. C. 548; Newsom's Admr. v. Ran, 18 O. 240; Seymour v. Ry. Co., 4 N. E. 236, 44 O. St. 12; Lyons v. Fidelity Lodge, 2 Wkl. L. Bull., 97; Hengehold v. Gardner, 14 Wkl. L. Bull., 958; Carver v. Williams, 6 Wkl. L. Bull., 672.) The showing necessary or sufficient to prevent the striking from the files

of a pleading filed out of time is not involved in the question now being presented and considered; the material point is that the court possesses the power to determine the matter.

It was said in Parker v. Haight, *supra:* "We think the power which rests in the court, given by the statute granting it the power to extend the time for filing any pleading, or to give leave at any time to file a pleading, is a power given to the court which may be exercised at any time and in any manner it pleases, unless objection be made at the time or subsequently, and exception taken to that order or rule. The court having power to grant leave to file a petition out of rule, it has power to take up and consider it when it is filed out of rule, without making any order on that subject, and when it shall have done so, to render judgment; and that judgment will be conclusive, unless some method is taken in the court to set it aside."

In Carver v. Williams, *supra,* the court say: "The demurrer having been filed out of time, the court was not bound to consider it; but having considered it, it was equivalent to giving leave to file it after default." In Seymour v. Rly. Co., *supra,* a demurrer was filed out of time without leave of court, raising the question of the statute of limitations. The demurrer was sustained and thereupon judgment was rendered against the plaintiff. It was contended in the appellate court that the demurrer filed after the defendant was in default should not be used to raise the question of the statute of limitations. Considering that contention, the court said: "This demurrer was filed November 13, 1879, and was heard October 27, 1881, nearly two years thereafter. No objection was interposed during all this time by the plaintiff, though it appears that the issue presented was on the latter day 'argued by counsel,' when the demurrer was adjudged well taken and final judgment rendered. Had the point been presented to the court on a motion to strike out the objectionable pleading as being filed out of rules and not with leave, and the court had overruled that motion, error might have been assigned to that ruling if it was erroneous. But no objection was then made, and as the parties

argued and submitted the case upon the demurrer, it is too
late now to object after final judgment that the demurrer
was not filed within rules." And where the court gave leave
to file a petition within sixty days, and, in default, ordered
that the cause stand dismissed, and a petition was filed two
days after the expiration of the sixty days, it was held that
the defendant, after answer, trial, and judgment, could not,
on error, insist on the dismissal; the court saying that the
order of dismissal must be deemed vacated by the subse-
quent action of the court and parties. (Hill v. Supervisor
&c., 10 O. St. 621.) We have referred specifically to the
Ohio cases on this point for the reason that they are based
upon the same general statutory provision permitting the
court or judge to extend the time for filing a pleading. But
they announce nothing more than the general rule upon the
subject, and that is too well settled to require further cita-
tion of authority.

It is true that a party does not have the right without
leave to file a pleading after the time therefor has expired,
but on the other hand it is not the absolute right of the
opposite party to have such a pleading stricken from the
files, though he may move to strike it from the files, and that
is the proper practice. But, in the exercise of a sound dis-
cretion and upon a proper showing, the court may allow it
to stand as a pleading in the case, and, therefore, while the
action of the court in that respect may be error, it cannot,
we think, be reasonably held that a pleading so filed is a
nullity. On the contrary, the rule best sustained by au-
thority is that where the pleading has been filed before
application for judgment it is improper to render judgment
by default while it remains on file and undisposed of,
although it may have been filed out of time and without
leave or consent. (6 Ency. Pl. & Pr. 82, 85; Pett v. Clark,
5 Wis. 198; Maxwell v. Jarvis, 14 Wis. 549; Walker v.
Tiffin Min. Co., 2 Colo. 89; Castle v. Judson, 17 Ill. 381;
Cook v. Forest, 18 Ill. 581; Fish v. Wheeler, 31 Ill. App.
596; City of Pana v. Humphreys, 39 Ill. App. 641; Mason
v. Abbott, 83 Ill. 445; Redfield v. Miller, 59 Ia. 393, 13

N. W. 334; Woolsey v. R. R. Co., 28 Ala. 536; Rhodes v. McFarland, 43 Ala. 95; Mickler v. Reddick, 28 So. 286, 38 Fla. 341; Knight v. Dunn, 36 So. 62, 47 Fla. 175; City of Jefferson v. Jones, 74 Tex. 635, 12 S. W. 749; Price v. Sinclair, 5 S. & M. (Miss.) 254; Hambrick v. Dent, 70 Miss. 59, 11 So. 608; Pool v. Hill, 44 Miss. 306; Biloxi L. & E. Co. v. New Orleans Ry. & N. Co. (Miss.), 28 So. 21; Bowers v. Dickerson, 18 Cal. 420; Tregambo v. Comanche M. & M. Co., 57 Cal. 501; Lunnun v. Morris, 7 Cal. App. 710, 95 Pac. 907; Reher v. Reed, 137 Pac. 263. See also Dewey v. Lewis, 12 Neb. 306, 11 N. W. 330; Lichtenberger v. Worm, 49 Neb. 856.)

In Bowers v. Dickerson, *supra,* where an answer was filed after the time allowed and the court upon motion refused to set it aside and grant judgment by default, the Supreme Court of California said: "It was, perhaps, not strictly regular to file the answer after the time for answering had expired without leave of the court; but as the default of the defendant had not been entered, we think the filing was not a nullity. It was at most a mere irregularity, for which the answer might have been stricken out, but on account of which the plaintiff was not entitled to have it set aside, unless the court, in the exercise of its discretion, deemed such to be the proper course. The whole proceedings were *in fieri,* and our opinion is that the court had absolute power either to retain the answer or to permit another to be filed, or to pursue whatever course in that respect the justice of the case required." In the later California case of Reher v. Reed, *supra,* it appeared that no answer or demurrer had been filed within the time allowed therefor, but that after the time had expired and before default had been entered or demanded an answer was filed; and thereafter upon application by the party against whom the answer had been filed the clerk entered a default for the failure to file an answer within the time allowed and thereupon entered judgment. With reference to this situation the Supreme Court held that the default was not authorized and should have been set aside by the lower court, stating that there

was abundance of authority to the same effect in the decisions of other states, and further: "It follows that on the face of the record it appeared that the clerk was without authority to enter the default and consequently without authority to enter the judgment. In such a case the court may set aside the judgment of its own motion at any time, and it is immaterial how the invalidity is called to its attention.",

In Lunnun v. Morris, *supra,* a case decided by the Court of Appeals of the Second District of California, the general rule where an answer is filed after the expiration of the time provided by law was said to be that the default should not be entered until the answer has first been stricken from the filès. In Rose v. Lelande, 20 Cal. App. 502, 129 Pac. 599, it appeared that the answer was filed in due time, but it was contended that such answer was insufficient. Considering an application for a writ of mandate directed to the clerk of the court commanding him to enter the default of the defendants, the court said: "The question as to the sufficiency of the answer was one for the court to determine upon a motion for judgment upon the pleadings, or motion to strike the purported answer from the files, upon the granting of which latter motion, there being no answer to file, and the time for pleading to the complaint having expired, the clerk would be warranted in entering a default. The clerk in entering a default acts ministerially, and in no case is he warranted in making such entry where his authority so to do depends upon a determination of the sufficiency, either as to the substance or form, of a document on file purporting to constitute an answer to the complaint." There being a statute in California to the same effect as the statute in this state authorizing the entering of a default judgment by the clerk, the cases in that state upon the question are particularly in point, and we think the rule there adopted with reference to the authority of the clerk under the circumstances stated is the correct one, and the one that should be adopted here.

· Having concluded that the demurrer was not a nullity and that the clerk was without authority to strike it from the files or consider the question of its sufficiency, it follows that the judgment was entered without authority. The judgment will therefore be reversed and the cause remanded for such further proceedings as may be proper.

BEARD, J., and SCOTT, J., concur.