(January 27, 1917.)

WILLIAM H. KERNEY and CLARA KERNEY, His Wife, Respondents, v. EDITH S. HATFIELD, Administratrix of the Estate of WILLIAM J. HATFIELD, Deceased, Appellant.

[162 Pac. 1077.]

PLEADING AND PRACTICE—DEFAULT—POSTPONEMENT—TERMS.

　　1. When a defendant has a pleading on file which tenders an issue of law or fact, although filed out of time, but before motion for default, and when he is in court and ready for trial, it is error

to enter a default against him and to order that it become absolute unless he pay to plaintiff a sum of money by way of terms.

[As to right to enter default after pleading is filed out of time, see note in Ann. Cas. 1915C, 738.]

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Wm. A. Babcock, Judge.

Order overruling a motion to vacate a default and set aside a judgment. *Reversed.*

Hyatt & Redford, E. R. Dampier, S. H. Hays and P. B. Carter, for Appellants.

"There can be no judgment by default where there is on file an answer or other pleading of the defendant raising an issue of law or fact." (*Crossan v. Cooper,* 41 Okl. 281, 137 Pac. 354; *Freeborn v. Chewelah Copper King Min. Co.,* 89 Wash. 519, 154 Pac. 1095.)

A default for failure to plead cannot be entered where the pleading, though out of time, is on file at the time the default is sought to be entered. (*Bertagnolli Bros. v. Bertagnolli,* 23 Wyo. 228, 148 Pac. 374; *Reher v. Reed,* 166 Cal. 525, Ann. Cas. 1915C, 737, 137 Pac. 263; *Tregambo v. Comanche Mill. & Min. Co.,* 57 Cal. 501; *Lunnun v. Morris,* 7 Cal. App. 710, 95 Pac. 907; *Pett v. Clark,* 5 Wis. 198; 6 Ency. Pl. & Pr. 82, 85; 31 Cyc. 134; 23 Cyc. 750; *Eklund v. B. R. Lewis Lumber Co.,* 13 Ida. 581, 92 Pac. 532.)

"In determining the question of discretion, the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings so as to dispose of cases upon their substantial merits." (*Pittock's Estate, In re,* 15 Ida. 47 (52), 96 Pac. 212; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630.)

Longley & Walters, Taylor Cummins and H. C. Mills, for Respondents.

Sec. 4220, Rev. Codes, provides: "All pleadings subsequent to the complaint must be filed with the Clerk and copies thereof served upon the adverse party or his attorney."

Sec. 465, California Code of Civil Procedure, is identical with the Idaho statute, and the California court, in construing this statute in the case of *Fletcher v. Maginnis*, 136 Cal. 362, 68 Pac. 1015, says: "This statute is mandatory, by its terms, and a pleading prepared for the purpose of filing is not a pleading in fact until it is in fact filed and made a part of the record of the case as provided by the statute. Notwithstanding the service, if it had not been filed, as directed by the statute within the time allowed to answer, it would have been the duty of the clerk upon the application of the plaintiff to enter the default of the defendant."

MORGAN, J.—On July 18, 1914, the above-named respondents filed their complaint in the district court whereby they sought to recover from Edith S. Hatfield, as administratrix of the estate of William J. Hatfield, deceased, the sum of $3,370.84, together with interest thereon, for labor performed and services rendered for deceased during his lifetime and at his instance and request, between March 15, 1911, and June 14, 1913. On July 23, 1914, appellant filed a demurrer to the complaint and the record fails to disclose what action if any, was taken upon it. However, the record in a companion case, wherein these respondents were plaintiffs and appellant, in her individual capacity, was defendant, shows that the demurrer interposed in that case was overruled by an order signed on November 21st and filed on November 25th and appellant was given until November 25th in which to answer. Respondents' counsel ask us to indulge the presumption that a like order was made in this case and cite for our consideration *Smith v. Clyne*, 16 Ida. 466, 101 Pac. 819, *Guthrie v. Phelan*, 2 Ida. 95, 6 Pac. 107, and *United States v. Alexander*, 2 Ida. 386, 17 Pac. 746. In view of the conclusion we have reached this point does not appear to be material and will not be decided, but we will proceed upon the theory that the demurrer was overruled on the same date, and that the same time was given within which to answer in this case as in the other.

On November 23, 1914, appellant moved for a continuance, and in support thereof filed affidavits showing that she was at that time in Portland, Oregon, where she was convalescing from a surgical operation which had been performed upon her there on November 10th, and that she would not be able, with safety to her health, to attend the trial at Rupert, Idaho, at the term of court next thereafter. Certain affidavits were filed by respondents in opposition to the motion and it was denied.

On December 3, 1914, appellant's answer was filed, in which she traversed the allegations of the complaint and denied the indebtedness, and on the next day counsel for respondents, in open court, moved for a default upon the ground that the answer had not been filed within the time theretofore fixed by order of the court. Although appellant was in court with her counsel and was ready for trial, Hon. Chas. O. Stockslager, the presiding judge, made the following order:

"The above-entitled matter coming regularly on to be heard upon motion of the plaintiffs for default for the reason that no answer has been filed as by law required or within the time fixed by the court and the defendant being present in court, objecting to the granting of said motion for default and it appearing to the court that upon the answer being proper and issues joined upon the day and at the time said cause was set down for hearing that the plaintiffs in said action are not able to proceed with the trial of said cause, for the reason that such answers were not filed as by law required or served upon the attorneys for plaintiffs, prior to the time said cause was called for hearing.

"It is THEREFORE ORDERED that said motion for default will be sustained and judgment for default entered in the above-entitled matter unless the defendant within ten days hereafter shall pay to the said plaintiffs, their expenses and all thereof incurred in attending upon said court as well as a reasonable attorney's fee, to be taxed in the sum of Fifty Dollars, also including witness fees and sheriff's costs as per the attached memorandum, and in case such amounts be paid said case shall stand continued until the next regular or special term

of said court, and the said answer so proffered by the defendant may be filed in said cause.''

It further appears that, subsequent to the entry of this order, counsel for appellant procured the consent of Judge Stockslager to deliver to the clerk of the district court his client's check for the amount of money therein required to be paid, to be by him held pending the final determination of the case, in lieu of the payment of money thereby directed to be made, and that before the check could be procured and deposited Hon. Edward A. Walters, one of the judges of the fourth judicial district, on December 19, 1914, entered an order making the default absolute.

Thereafter and on March 8, 1915, proof was made in support of the complaint and judgment was thereupon entered in favor of respondents. Appellant moved to vacate the default and set aside the judgment. The court entered an order overruling the motion. This appeal is from that order.

The record fails to show that the answer was served upon respondents or their counsel, and it is insisted that until it had been both filed and served appellant was in default. Proceeding upon the theory that the demurrer in this case was overruled by an order signed on November 21st, and filed on November 25th, in which appellant was given until the last-named date to answer and bearing in mind that she was, at that time, in Portland, Oregon, too ill to travel and that her attorney was in Rupert, Idaho, and giving due consideration to the showing made that it was necessary for him to confer with her in order to formulate the answer; that she reached Rupert, in response to an urgent telegram from him, on December 3d, and that the answer was prepared and filed immediately after her arrival; also that it was impossible to serve it upon respondents' attorney, who resided in Twin Falls, prior to his departure from that city to attend court in Rupert on December 4th, it appears to us that counsel for appellant acted as promptly as the circumstances of the case would permit after the order fixing the time to answer was made. However, we do not believe the service, or lack of service, is decisive of the principal question here presented,

which is: May a default be entered against a defendant who has appeared and filed an answer after the expiration of the term fixed by law or granted by the court for answering without first disposing of the issue thereby presented?

The rule is stated as follows in vol. 6, Enc. Pl. & Pr., p. 84: "And where a pleading is served only upon the plaintiff and not filed, or filed only, a judgment by default cannot be taken ignoring it.

"And even although the pleading is filed out of time the rule obtains, unless defendant's default was entered prior to the filing of the answer or plea."

It is said in 23 Cyc., p. 750: "When an answer or other pleading of a defendant, raising an issue of law or fact, is properly on file in the case, no judgment by default can be entered against him; to authorize a default, the answer or other pleading must be disposed of by a motion, demurrer, or in some other manner." (See, also, *Pett v. Clark,* 5 Wis. 198; *Tregambo v. Comanche Mill. & Min. Co.,* 57 Cal. 501; *Lunnun v. Morris,* 7 Cal. App. 710, 95 Pac. 907; *Reher v. Reed,* 166 Cal. 525, Ann. Cas. 1915C, 737, 137 Pac. 263; *Crossan v. Cooper,* 41 Okl. 281, 137 Pac. 354; *Bertagnolli Bros. v. Bertagnolli,* 23 Wyo. 228, 148 Pac. 374; *Freeborn v. Chewelah Copper King Min. Co.,* 89 Wash. 519, 154 Pac. 1095; *Oklahoma State Bank v. Buzzard* (Okl.), 160 Pac. 462.)

The action of the trial court in making the order whereby the conditional default was to become absolute unless appellant, within ten days thereafter, should pay to respondents their expenses incurred in attending upon the court, together with $50 attorney's fees and costs, appears to have been based upon an oral statement made by counsel for respondents to the effect that he could not safely go to trial upon so short a notice of the issues presented by the answer. It seems to be likely the learned trial judge, in imposing terms upon appellant, had in mind sec. 4908, Rev. Codes, providing: "When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same." However, that statutory pro-

vision could not properly have been invoked in this case against appellant for her application for a postponement had been denied and she was ready for trial. Furthermore, no showing by way of affidavit, or otherwise than by oral statement of counsel, was required of respondents and even though the case was a proper one for postponement, the provisions of sec. 4372, Rev. Codes, should have been observed, which are: "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial must not be postponed."

It was error for the trial court to enter the default complained of while the answer was on file and to order that such default would become absolute for failure upon appellant's part to pay to respondents their expenses, attorney's fees and costs. The order making the default absolute was also erroneous and the judgment subsequently entered cannot be sustained.

The order appealed from is reversed and the case remanded, with direction to the district court to try the issues framed by the complaint and answer. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.