[Civ. No. 3166. Second Appellate District, Division Two.—March 16, 1920.]

MARTIN P. CUDDAHY, Respondent, v. C. P. GRAGG et al., Defendants; CLYDE L. CONNOR, Appellant.

[1] APPEAL—STRIKING DEMURRER FROM FILES—ORDER NOT APPEALABLE.—An order striking a demurrer from the files is not appealable.

[2] PLEADING—FILING AFTER TIME ALLOWED BY LAW—STRIKING FROM FILES.—Where a demurrer is not filed within the time allowed by law, the trial court is warranted in ordering it stricken from the files.

[3] DEFAULT—EFFECT OF PLEADING FILED OUT OF TIME—POWER OF COURT TO ENTER JUDGMENT BY DEFAULT.—A demurrer filed out of time is not a nullity, and until it is disposed of by motion, or in some appropriate manner, no judgment by default can be entered.

[4] ID.—MOTION TO STRIKE OUT BELATED PLEADING—DISCRETION OF TRIAL COURT.—While a defendant's default may not be entered until his demurrer or other pleading, though filed after the time permitted by law, has been disposed of, it is a proper practice

in such case to move to strike the pleading from the files; and in the exercise of a sound discretion, the court very properly may grant such motion to strike.

[5] ID.—FRIVOLOUS BELATED DEMURRER—HARMLESS ERROR IN STRIK-ING OUT.—Where the case was such that the trial court was warranted in treating the demurrer filed by the defendant after the expiration of the time allowed by law as frivolous and interposed to gain time, and in overruling it without leave to answer, the irregularity, if any, of the trial court in striking such demurrer from the files was harmless error.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry Ellis Dean, V. J. Cobb and W. L. Pollard for Appellant.

L. C. Hall and Hogan & Carlson for Respondent.

FINLAYSON, P. J.—This is an action to foreclose a mortgage on real property in Inyo County. Defendant Connor appeals from the decree of foreclosure, given and made after the entry of his default.

Plaintiff, the holder of the mortgage and the promissory notes secured thereby, filed an amended complaint, making parties defendant, besides the mortgagor and maker of the notes, the defendant Connor and others, who, the complaint alleges, claim to have some interest in or lien upon the mortgaged premises as subsequent purchasers or encumbrancers. The summons was served upon Connor in Inyo County on January 25, 1917. Return on the summons was not made until February 12, 1917. Meanwhile, on February 7, 1917, or three days after the expiration of the ten days afforded him by the law within which to appear and answer or demur, Connor filed a demurrer to the amended complaint. Service of the demurrer was made on February 5, 1917, by mailing it at Los Angeles, addressed to plaintiff's attorney at Bishop. Thereafter, on notice duly served and filed, plaintiff moved to strike the demurrer from the files upon the grounds: (1) That it was not filed within the time allowed by law; (2) that it was not served within the time allowed by law, and (3) that it is sham and frivolous. At

the time noticed, viz., April 10, 1917, the motion to strike was granted on the ground that the demurrer was not served or filed within the time allowed by law. On July 5, 1917, Connor's default was entered by the clerk, and on July 13, 1917, the foreclosure decree was entered. Appellant appeals both from the judgment and the order striking the demurrer from the files. [1] The order is not appealable, and the appeal therefrom must, therefore, be dismissed.

It is contended that the court erred in striking appellant's demurrer from the files and in entering judgment against him on his default. [2] As we think the order was warranted by the fact that the demurrer was not filed in time, we shall not consider whether it is justifiable on either of the two other grounds stated in the notice of motion.

[3] Appellant has cited a number of cases wherein it is held that a default for failure to answer or demur cannot be entered if, at the time of the entry of default, an answer or demurrer be on file, even though it was filed out of time. That a court has no authority to enter the default of a defendant if, when it is entered, he has a pleading on file, even though it was filed out of time, is a proposition supported by an almost unbroken line of decisions. The pleading, though filed out of time, is not a nullity; and until it has been disposed of by motion, or in some appropriate manner, no judgment by default can be entered. (*Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501; *Reher* v. *Reed,* 166 Cal. 525, [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Hestres* v. *Clements,* 21 Cal. 425; *Lunnun* v. *Morris,* 7 Cal. App. 710, [95 Pac. 907]; *Bertagnolli Bros.* v. *Bertagnolli,* 23 Wyo. 228, [148 Pac. 374]; *Kerney* v. *Hatfield,* 30 Idaho, 90, [162 Pac. 1077]; Ann. Cas. 1915C, p. 738, note to *Reher* v. *Reed, supra.*) [4] But while it is true that a defendant's default may not be entered until his demurrer or other pleading, though filed after the time permitted by law, has been disposed of, nevertheless it is a proper practice in such case to move to strike the pleading from the files. The plaintiff has no absolute right to have the pleading stricken from the files merely because it was not filed in time; and, on the other hand, the defendant has no absolute right to have his belated pleading remain in the files; for a defendant cannot, *as of right,* answer or demur after the expiration of the time prescribed

by statute. It is a proper practice, therefore, for the plaintiff to move to strike the pleading from the files; and, in the exercise of a sound discretion, the court very properly may grant such motion to strike. (*Pett* v. *Clark*, 5 Wis. 198; *Bowers* v. *Dickerson*, 18 Cal. 420; *Acock* v. *Halsey*, 90 Cal. 219, 220, [27 Pac. 193]; *Lunnun* v. *Morris, supra; Bertagnolli Bros.* v. *Bertagnolli, supra;* Ann. Cas. 1915C, p. 738, note.) "If pleaded out of time, or if leave was not obtained, or if there was any reason why the defendant ought not to have been allowed to plead, the proper practice would have been to move to strike the plea from the files. Having done so, and the motion having been sustained, the default could be entered . . ." (*Pett* v. *Clark, supra.*)

[5] Moreover, even if striking the demurrer from the files could be regarded as an irregularity, at most it could be regarded as harmless error only—an irregularity not resulting in a "miscarriage of justice." The complaint does not appear to be demurrable on any of the grounds set forth in the demurrer. At any rate, appellant has not called to our attention any defect in the complaint; and we perceive none. The case seems to be one where the court would be warranted in treating the demurrer as frivolous, interposed to gain time, and in overruling it without leave to answer. (*Seale* v. *McLaughlin*, 28 Cal. 669; *Barron* v. *Deleval*, 58 Cal. 95.) The result to defendant would be the same whether his demurrer were overruled without leave to answer or stricken from the files. Nay, in the instant case, striking the demurrer from the files was less disadvantageous to defendant than if it had been overruled without leave to answer. His default was not entered until almost three months after plaintiff's motion to strike was granted. Meanwhile, on making a proper showing, by affidavit, of mistake, inadvertence, surprise, or excusable neglect, appellant, had he been so advised, could have moved the court for leave to file an answer or even another demurrer. This he did not elect to do. Since the adoption, in its present form, of section 4½, article VI, of the constitution, injury no longer is presumed from error, but must appear affirmatively upon an examination of the record or from the intrinsic nature of the error itself. We fail to see how appellant could have been harmed by the course pursued by the lower court, even if we should concede, which

we do not, that striking the demurrer from the files was not a proper disposition to make of it.

The appeal from the order is dismissed. The judgment is affirmed.

Sloane, J., and Thomas, J., concurred.