[Civ. No. 3761.  Third Appellate District.—May 13, 1929.]

GRACE P. WARDEN, Appellant, v. LYDIA L. LAMB, Respondent.

J. Everett Brown for Appellant.

George Halverson and H. C. Hopkins for Respondent.

PLUMMER, J.—Plaintiff began this action to quiet title to a certain lot situate in the city of Los Angeles, county of Los Angeles. The defendant Lydia L. Lamb appeared and answered plaintiff's complaint, denied the plaintiff's

title, and alleged title in herself. On the trial of the issues so joined, judgment was entered in favor of the defendant, from which the plaintiff appeals. Upon this appeal the chief cause urged by the appellant as ground for reversal herein is "that the court erred in admitting, over plaintiff's objection, the association of an attorney with the defendant, who appeared *in propria persona.*" Other objections are raised, but only in a minor way, as to whether the defendant had shown title in herself. The appellant sets forth her objections under eight different headings, or rather, numbers, but they all relate to the two specifications which we have mentioned.

The record shows that the respondent in filing her answer to the plaintiff's complaint appeared *in propria persona,* and subsequently filed with the court the following:

"H. C. Hopkins is hereby associated as attorney of record in the above entitled cause.

"Dated, Los Angeles, September 24, 1926.

"Signed: LYDIA L. LAMB.

"The above association is hereby accepted.

"Signed: H. C. HOPKINS."

Upon this writing being filed, it appears that a motion was made in court, at a time when counsel for the plaintiff was present, for the association of the said H. C. Hopkins as an attorney for the defendant, and upon such motion, the court, preceding the trial of this action, made the following order, as appears from the minutes of the court in the clerk's transcript, to wit: "Grace P. Warden, et al., Plaintiff, vs. Lydia L. Lamb, Defendant. Cause called. J. Everett Brown appearing for plaintiffs and H. C. Hopkins for defendants. Substitution of attorneys allowed and trial continued to October 14, 1926, over plaintiffs' objection that no showing for continuance is made." Later on an attorney by the name of George Halverson was associated as an attorney in the same cause. On the nineteenth day of October, 1926, the cause having been transferred to department number 24, was called for trial, and the following appears in the clerk's transcript: "Cause transferred from department 24, called for trial, J. Everett Brown appearing for plaintiffs. On motion of H. C. Hopkins, it is ordered that H. C. Hopkins and George Halverson be substituted as attorneys for defendants. Attorney for plain-

tiffs objects to substitution of attorneys and asks the court to enter the default of defendant Lamb, which motion is by the court denied. Cause is dismissed as to all fictitious defendants.'' Thereupon the trial of this action took place, the plaintiff introducing in evidence a tax deed to the plaintiff from the treasurer of the city of Los Angeles. The tax deed was the result of an alleged failure to pay the interest and certain installments due on an improvement bond issued as a lien against the lot involved under the Bonding Act of 1913 (Stats. 1913, p. 954), as amended by subsequent acts of the legislature.

Upon oral argument of this cause counsel for appellant pressed upon our consideration only the objection urged that the court erred in permitting the association of counsel and refusing to grant appellant's motion for the entry of a default against the defendant.

As to the refusal of the court to grant appellant's motion for the entry of a default, it need only be stated that the appellant has not called to our attention any case or provision of the codes which would authorize a trial court to enter default against the party defendant whose answer is on file, and this whether the defendant does or does not appear at the trial. In case the defendant fails to appear, the plaintiff's sole remedy is to move the court to proceed with the trial and introduce whatever testimony there may be to sustain the plaintiff's cause of action. This being an action to quiet title, the only course open to the plaintiff, had the defendant failed to appear at the time of the trial, would have been to introduce evidence tending to establish the plaintiff's title. Section 585 of the Code of Civil Procedure does not authorize the entry of any default in cases where an answer is on file, whether the defendant does or does not appear at the time the action is called for hearing.

The appellant, in behalf of her objection to the order of the court in permitting the association of counsel and in permitting counsel to appear and introduce testimony in behalf of the defendant, cites a number of cases where attorneys have not been entered of record, where attempts have been made by such attorneys to serve papers, prepare bills of exceptions, and to take appeals. It seems unnecessary to review these cases for the simple reason that

no such questions are here presented. Section 284 of the Code of Civil Procedure reads, in part, as follows: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. Upon consent of both client and attorney filed with the clerk or entered upon the minutes." If it be assumed that the defendant, appearing in her own person, was thereby clothed with the right to manage her own cause, she certainly had the right, under subdivision 1 of the section which we have quoted, to consent or to employ an attorney to appear for her. Whether the paper presented to the court, signed by the defendant, authorizing the appearance of H. C. Hopkins as an attorney, or of George Halverson as one of her attorneys, did or did not amount to a substitution in the strict sense of the word, is wholly immaterial in this case. The transcript shows that they appeared for the defendant at the trial of the action, were entered of record as attorneys for the defendant, and that absolutely no proceeding has been taken in this cause by the attorneys for the defendant which in any manner whatsoever has jeopardized or impaired the rights of the appellant, unless it be that they presented to the court admissible evidence justifying the court in entering judgment for the defendant rather than for the plaintiff. In all the cases cited by the appellant relative to the change and substitution of attorneys or the appearing of attorneys, the circumstances show some initiative taken by such attorneys which could only properly be taken by an attorney of record, that is, where notices of appeal are given or statements to be used on appeal are to be prepared, the person giving the notice as attorney must show that he has a legal right so to do. No case has been called to our attention nor have we been able to find any case where a judgment has been reversed on account of any informality in the authorization for the appearance of an attorney by his client where the attorney has been entered of record in the cause and the cause proceeded to trial with the presence of all parties in court having knowledge of the appearance of the different attorneys and where there is absolutely no showing that any prejudice has resulted to the party complaining of such informality. Nor can we conceive of any valid reason why, if it be assumed that the

defendant in the first instance appeared as her own attorney, she did not have the right to employ as many attorneys to appear with her to conduct her cause, and have them entered of record as attorneys in the cause, as she thought wise or considered best for her own interests. In other words, it is wholly immaterial to the appellant in this cause whether the attorneys for the defendant, when ordered entered of record by the trial court, were substituted or associated; so long as they were entered upon the record by order of the court they were persons upon whom notices might be served if necessary. So far as sections 284 and 285 of the Code of Civil Procedure are involved in this action, they are pertinent only in that they required the defendant to give the appellant due notice of attorneys which she was authorized or her attorneys were authorized to recognize. When that was done, as appears by the record of the court was done in this case, the appellant was left no cause for complaint. ■ In so far as any irregularity of procedure may have occurred in the entry of the attorneys of record by the order of the court, or as to any informality in the writing signed by the defendant, employing her attorneys, we think that section 4½ of article VI of the constitution is applicable. Even the principal case cited by appellant, to wit, *Prescott* v. *Salthouse*, 53 Cal. 221, shows that while the code does not provide for associating attorneys, in words, yet if there had been an association in the case then being considered, and the notice of intention to move for a new trial had been given under the names of all of the attorneys, including the associating attorney, it would have been sufficient. ■ We do not need to cite authorities to the effect that a client has a right to employ an attorney to appear for him as may suit his own convenience or desires. However, such is the holding in the case of *Gage* v. *Atwater*, 136 Cal. 170 [68 Pac. 581]. That the trial court had no authority to grant the appellant's motion for the entry of a default while the defendant's answer was on file, whether the appearance by the attorneys for her was regular or irregular, formal or informal, is shown by the case of *Cuddahy* v. *Gragg*, 46 Cal. App. 578 [189 Pac. 721]. The court there said: "That a court has no authority to enter the default of a defendant if, when it was entered, he has

a pleading on file, even though it was filed out of time, is a proposition supported by an almost unbroken line of decisions. The pleading, though filed out of time, is not a nullity; and until it has been disposed of by motion, or in some appropriate manner, no judgment by default can be entered.'' (Citing a number of cases.) In the case at bar there is no pretense that the answer of the defendant was not filed within the time allowed by law.

The court found that the defendant, at the time of the beginning of the action, was the owner in fee and entitled to the possession of the property involved. The court further found that the plaintiff had acquired no title to the premises. It was also further found by the court that the defendant had tendered to the plaintiff payment of the amount due on the bond, and that such tender was refused. So far as defendant's title is concerned, the record shows that the defendant acquired title thereto in the year 1900, and that for many years preceding the trial, and during the time of the proceeding leading up to the execution of the deed under which the plaintiff claims title, the defendant had been in possession of the property involved in this action. While there is no finding of the fact of such occupancy of the premises and possession by the plaintiff, the testimony in the record is such that such a finding would be warranted, which testimony appears to be uncontradicted. While the appellant, upon oral argument, made no answer to the respondent's contention that the deed under which the appellant claimed was void, nor is there any contention made in appellant's briefs that the deed under which the appellant claims is valid, further than the statement that the introduction of the deed established a *prima facie* case, we will point out one or two of the errors which constitute sufficient reason for the entry of judgment in favor of the defendant in this action. Section 35 of the act of 1913 (Stats. 1913, p. 975), provides for a sale of the property to obtain payment of any amount that may be due upon any bond, where there has been a delinquency in the payment of interest or installments, and requires that in the publication of the notice of sale there must be a statement of the amount due. The application made to the treasurer for the sale of the property involved in this action does not state the amount due. The notice of

publication does not correctly state the amount due in an amount greater than has been held substantial error in other cases. Under somewhat similar circumstances in the case of *Chapman* v. *Jocelyn*, 182 Cal. 294 [187 Pac. 962], it was held that the requirement of section 5 of the Bond Act of 1893 (Stats. 1893, p. 37, as amended by Stats. 1899, p. 43), that notice of sale, under bonds for street assessments, shall state the amount due, is mandatory; that if there is a failure to correctly state the amount due, the sale is rendered void. To the same effect is *Simmons* v. *McCarthy*, 118 Cal. 622 [50 Pac. 761].

Other objections are made to the validity of the sale under which the appellant claims, such as there had been no notice as the law requires of the time when the appellant would apply for a deed; likewise, that no notice had been given to the persons occupying the premises as required by the act, in pursuance of which the bond was issued. To these different contentions on the part of the respondent, as we have stated, the appellant makes no reply, and as they appear to be all well taken, the judgment of the trial court in favor of the defendant followed as a matter of course.

Finding no substantial error in the record, the judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.