## WEBSTER AND OTHERS *vs.* THE BANK OF THE STATE.

The Bank of the State is constitutional.   Its constitutionality is not·an open question.
In a suit by that Bank, she being properly described in the writ and declaration, if, in
the caption of the judgment, the style is " The State Bank of Arkansas," it will be
considered a mere clerical misprison.
The Bank of the State has a right to take a higher rate of interest than six per cent.;
without specifying it in the note, bond, &c.; and bills, notes, and bonds, due her,
bear interest from maturity, at the rate of ten per cent. per annum.

THIS was an action of debt, determined in the Washington Cir-
cuit Court, in May, 1841, before the Hon. JOSEPH M. HOGE, one of the
Circuit Judges.    The facts of the case were precisely like *McFarland*
*and others vs.· The Bank of the State*, except in one solitary point,
mentioned in the opinion.

The case was argued here by *Gilchrist & Evans*, for the plaintiffs
in error, and by *Hempstead & Johnson*, contra.

*By the Court*, LACY, J.    The question as to the constitutionality of
the Bank of the State of Arkansas, is not open for investigation, as
that point has been expressly ruled, in several cases before decided by
this Court.    The objection that there is a variance in the judgment,
it being rendered in the name of the State Bank, against the plain-
tiffs in error, we deem to be a mere clerical misprison.    The declara-
tion and writ show, that the suit was brought in the name of the Bank
of the State of Arkansas.    And when the judgment states that the
plaintiffs below recover against the defendants, it certainly means, the
legal corporation who had a right to sue.    The objection to the writ,
that there is no seal thereto, would be well founded, had it not been
waived by consent, upon the record.

The question in regard to the interest has also been expressly de-
cided, in the case of *McFarland and others vs. The Bank of the*
*State of Arkansas.*

Judgment affirmed.