## Elliott and Redman *vs.* The Bank of the State.

There needs no averment as to the residence of the defendants, in a declaration at the suit of the State Bank, to authorize the writs to run into a county other than that where the suit is brought.

The return of service of a summons is sufficient, although it does not state *in what county* the writ was executed, and although the Christian name of the defendant is abbreviated in the return.

On a note given to the State Bank, judgment for the debt, with interest at ten per cent. from the time the note fell due till paid, is regular.

Where an action is discontinued as to the defendant, he is entitled to a judgment for his costs, if any have been expended by him; but, if he was never served with process, or in Court, no such judgment could be given.

Where a writ, after mentioning *two* counties, requires the defendant to appear *at the Court-house in the county aforesaid*, the word *aforesaid* refers to the county last named.

*Womsley vs. Cummins*, 1 *Ark.* 125, *explained*, and held erroneous in that it decides that the dismissal as to *Riggs*, operated as a discontinuance as to Womsley," he having afterwards appeared and pleaded in bar.

This was an action of debt, determined in the Pulaski Circuit Court, in September, 1841, before the Hon. John J. Clendenin, one of the Circuit Judges.  The Bank sued Elliott, Redman, and James, on a bond, for $560, due at six months from Feb. 13, 1840, without any averment as to their residence.  Writ issued to Critten-den county, and was executed on Elliott and Redman.  The writ, after naming both counties, first Crittenden, and then Pulaski, required the defendants to be summoned to appear " at the Court-house in the county aforesaid."  The sheriff's return did not state *where* the writ

Elliott and Redman *vs.* The Bank of the State.

was served. Discontinued as to James, and judgment by default against Elliott and Redman, for $560 debt, and interest thereon at the rate of ten per cent. per annum, from 1st August, 1840, till paid, and *all* the costs of the suit. The defendants sued their writ of error.

*Fowler*, for the plaintiffs in error. Could the writ be issued to Crittenden county, without an averment in the declaration that the defendants were to be found there?

The writ is uncertain, on its face, as to the place at which defendants are required to appear. It does not disclose to them whether they must appear in Crittenden or Pulaski county. It is erroneous, and precisely within the decision in the case of *Womsley vs. Cummins*, 1 *Ark. Rep.* 125.

The service is utterly defective. It does not appear to have been made by the sheriff of Crittenden county, or in that county, or on the persons named as defendants, in the writ. 1 *Ark. Rep.* 50. *Gilbreath vs. Kuykendall*, 2 *Ark. Rep.* 28. *Rose vs. Ford*, 3 *Ark. Rep.* 505. *Dawson et al. vs. The Bank of the State*, 262. *Clary & Webb vs. Morehouse, Adm'r.*

The judgment as to prospective interest or damages, is erroneous. The Court must cause the amount for which it renders judgment, to be computed up to its date, but cannot adjudge what shall become due thereafter.

The judgment for "all the costs" is wrong, as the suit failed, and was discontinued as to one of the defendants. *Ashley vs. Hyde & Goodrich, ante. Hartley vs. Tunstall et al.*, 3 *Ark.* 120.

*Hempstead & Johnson*, contra.

By the Court, LACY, J. The questions made in this case have been heretofore expressly decided, in this Court.

There needs no averment of non-residence to authorize a writ to issue to another county. The service we conceive sufficient, and the interest rightly calculated, according to the decision in the case of *McFarland and others vs. The Bank of the State of Arkansas.*

Elliott and Redman *vs.* The Bank of the State.

*Fowler*, for the plaintiffs in error, filed a petition for re-consideration, which was refused.

*By the Court*, Dickinson, J.   The defendant, in whose favor there is a discontinuance of the action, is certainly entitled to a judgment for his costs, if any have been expended by him.   In the case before us, it appears there was no service upon James.   He was never in court, and consequently has been put to no expense in defending the suit.   Such being the case, he could have no judgment.

The place at which the Court was to be held, is, in our opinion, set forth with sufficient certainty.   The defendants were required to appear " before the Judge of our Circuit Court of Pulaski county, at the Court-house in the county aforesaid," meaning, of course, the Court-house in the county last named.

Although, as a general rule, it would, perhaps, be well to aver the non-residence of the defendant against whom a writ goes to another county, yet this Court has declared that the omission to do so, is no cause of error.

The counsel refers to the case of *Womsley vs. Cummins*, in support of his motion for re-consideration.   We have looked into that case; and, as regards the decision upon the writ, as the question was there presented, discover no valid objection to it.   The plaintiff himself admitted the error, and it was upon his own motion that the writ was quashed and set aside.   So, the general principle, as applicable to discontinuance, is correctly stated.   Its application, however, to that particular case, may well be doubted, after Womsley had appeared and craved oyer, and filed his plea to the merits, thereby waiving the effect of the discontinuance, as to him; and so the Court has since, as we think, correctly ruled.

Judgment affirmed.