## Hicks *vs.* Vann.

A count in assumpsit against the *endorser* of a bond, is defective, unless it alleges *demand* on the obligor, and *notice* to the endorser, or shows some sufficient legal excuse to supersede the necessity of the averment.

There can be no valid judgment by *nil dicit*, while an issue, either of law or fact, remains undisposed of.

THIS was an action of assumpsit, tried in the Phillips Circuit Court, in June, 1842, before the Hon. JOHN C. P. TOLLESON, one of the circuit judges. The declaration contained three counts. In the first and second, Vann sued Hicks, as the endorser of a bond by a third person, payable to *Hicks or order*. The first count averred no demand of payment on the obligor, or notice, nor any excuse therefor. The second averred a waiver, at the time of assignment, by the defendant, of the necessity of demand and notice. The third count was for money had and received. The bond given on oyer was payable to *Hicks or bearer*. The defendant demurred to the two first counts, for variance, and pleaded the general issue to the third. Joinder in demurrer, demurrer overruled, and leave to plead over. Judgment by *nil dicit*, and writ of error.

The case was argued here by *W. & E. Cummins*, for the plaintiff, and *Pike & Baldwin*, contra.

*By the Court*, DICKINSON, J. It is clear, that the first count is defective, because it does not aver demand and notice, which are necessary to fix the assignor's liability, unless he shows a sufficient legal excuse to supersede the necessity of this averment. This is not done. The judgment overruling the demurrer to this count is, therefore, wrong.

The issue of non-assumpsit was not disposed of, and in this there is also error. If there is a question of law presented, or an issue of fact, in both cases it is the duty of the court to have these points disposed of. If it is purely a question of law, it should be decided by the court: if of fact, by a jury, if required. The court ought not to proceed with the case, until all the issues raised upon the record are determined.

Judgment reversed.