### ALEXANDER VS. STEWART.

The cases of *Reed et al. vs. S. Bank*, 5 *Ark*. 193—that it is error to render judgment by default, while there is an issue undisposed of—and *Martin et al. vs. S. Bank*, 20 *Ark*. 336—that it is error to amend the record at a subsequent term without notice to the party—adhered to.

*Error to Phillips Circuit Court.*

Hon. MARK W. ALEXANDER, Circuit Judge.

GARLAND & RANDOLPH, for the plaintiff.

STILLWELL & WOODRUFF, contra.

Mr. Justice COMPTON delivered the opinion of the Court.

Stewart sued Alexander to the November term, 1858, of the Phillips circuit court, on a promissory note for $350: Alexander appeared to the action, and pleaded payment, to which issue was joined. The cause was then continued, and at May term, 1859, judgment by default was entered against Alexander. At November term, 1859, on the application of Stewart, the court vacated the judgment by default, and by a *nunc pro tunc* order,

caused judgment to be entered against Alexander, as by consent of the parties. Alexander had no notice of this application, and having brought the record here by writ of error, insists that the judgment ought to be reversed.

There being an issue of fact upon the plea of payment, not disposed of, the judgment by default was error, as held in *Reed vs. The Bank of the State*, 5 *Ark*. 193. And, though the court below undoubtedly had the power, on the application of Stewart, to cause its record to be so amended as to speak the truth, it was error to exercise that power without notice to Alexander, who was interested in the record, and had the right to be heard on the motion to amend, as held in *Martin et al. vs. Bank of the State*, 20 *Ark*. 336.

Let the judgmet be reversed, and the cause remanded for further proceedings.