La O Flores Salazar, demandante y apelado, *v.* Angel Arroyo Rivera, María Aurora Estrada Espinet, demandados y apelados, y Juan Rivera Gutiérrez y Augusto Malaret, Registrador de la Propiedad de San Juan, Sección Primera, demandados y apelantes.

No. 5195.—*Sometido:* Febrero 6, 1931. *Resuelto:* Febrero 10, 1932.

*Luis Llorens Torres,* abogado de los apelantes; *R. Rivera Zayas,* abogado del demandante apelado; *E. Rincón Plumey,* abogado de los demandados apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La O Flores Salazar entabló una demanda contra Angel Arroyo Rivera y su esposa María Aurora Estrada Espinet y contra Juana Rivera Gutiérrez, sobre nulidad de escritura de compraventa y de su asiento de presentación en el Registro de la Propiedad. Dentro del pleito radicó una solicitud de *injunction pendente lite* incluyendo como demandado al registrador de la propiedad del distrito correspondiente. Se libró una orden para mostrar causa. Los demandados comparecieron y mostraron las razones que a su juicio existían para que no se librara el *injunction,* y la corte, basándose en los artículos 1376 del Código Civil, 282 del Código de Enjuiciamiento Civil y 36 y 38 de la Ley Hipotecaria, y en la jurisprudencia que cita expresamente, concedió el *injunction* preliminar solicitado, previa prestación de $1,200 de fianza, a virtud del cual se prohibió a los demandados la inscripción en el registro de la escritura cuya nulidad se solicita, mientras el pleito se resolvía y hasta nueva orden de la corte.

Lo que sucedió fué que Angel Arroyo y su esposa adquirieron una finca que ya estaba hipotecada. La deuda hipotecaria no fué satisfecha. El acreedor instituyó procedimiento ejecutivo, compró la finca y posteriormente la vendió a La O Flores Salazar, demandante en este caso.

En el ínterin los demandados Angel Arroyo y su esposa vendieron la finca hipotecada a Juana Rivera Gutiérrez. La escritura de venta fué presentada en el registro de la propiedad por dicho Angel Arroyo. En el momento de esta presentación las escrituras a La O Flores Salazar y a su supuesto predecesor no habían sido presentadas o inscritas.

Los apelantes alegan que la corte de distrito no tenía derecho a ordenar al registrador que se abstuviera de hacer la

inscripción. Originalmente nos sentimos inclinados a opinar que el registrador no era una persona que podía ser llevada a la corte en un procedimiento de *injunction*. El no tiene verdadero interés en el litigio. No damos demasiado énfasis al artículo 4 de la Ley de *Injunction,* que dispone:

"No podrá otorgarse un injunction:

"*     *     *     *     *     *     *

"3. Para impedir el cumplimiento de un estatuto público por funcionarios de la ley, en beneficio del público."

Sin embargo, el artículo 28 de la Ley Hipotecaria dispone más particularmente como sigue:

"Se considera como fecha de la inscripción para todos los efectos que ésta debe producir, la fecha del asiento de presentación, que deberá constar en la inscripción misma."

Por tanto, la presentación de un documento equivale a su inscripción para todos los efectos que ésta tenga derecho a producir. Si llegando al registro primeramente, Juana Rivera adquirió un título bajo el artículo 1376 del Código Civil, tal título dataría desde la presentación, y no desde que efectivamente se hizo la inscripción, del documento. Es una cuestión de derechos superiores la que tiene que considerar el registrador, o quizá la corte. Tratándose de una cuestión de derechos, conforme ha sido reseñada por el artículo 1376 del Código Civil, una parte no puede adquirir mayor derecho o título demorando la inscripción en el registro de la propiedad. En otras palabras, los derechos del presentante no dependen de que efectivamente se haga la inscripción, sino de la presentación del documento en el registro.

También se ha sugerido ahora que la venta en ejecución de hipoteca no fué debidamente efectuada o que existe la posibilidad de que ésta no fuera bien hecha, y que en tal caso ellos tenían derechos en el remanente (*equity*) de la finca, es decir, en aquella parte que no estaba necesariamente comprendida por el importe de la hipoteca. Es evidente que de conformidad con la Ley Hipotecaria y con otras leyes, si

una venta en ejecución de hipoteca no es efectuada en debida forma, el deudor tiene derecho a anularla. Si la venta en ejecución de hipoteca no fué llevada a cabo en debida forma, necesariamente el deudor tenía algunos derechos o interés en la finca. Algo en este sentido se desprende evidentemente de nuestra opinión en el caso de *Anaud viuda de Blanco* v. *Martínez*, 40 D.P.R. 669.

El juez que suscribe tiene algunas dudas respecto a si debe hacerse al registrador parte en esta clase de litigio, pero la corte considera innecesario decidir la cuestión.

*Debe revocarse la resolución apelada y anularse el "injunction".*

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO

No estoy conforme con la revocación de la orden apelada. Creo que la corte usó bien de su discreción al conceder el *injunction* preliminar, previa prestación de una fianza de mil doscientos dólares, atendidas todas las circunstancias concurrentes. ' 32 C. J. 29.

Sostiene la apelante que la corte erró al decretar el *injunction* sin que la demanda ni solicitud aduzcan hechos bastantes para determinar una causa de acción contra Juana Rivera; al no aplicar la sección 4 dé la Ley de *Injunction* en relación con el artículo 18 de la Ley Hipotecaria; al no aplicar la máxima *prior in tempore potior in jure;* al desconocer la condición de tercero que concurre en la compradora Juana Rivera, y al no aplicar los preceptos del artículo 1376 del Código relativos a la doble venta.

El hecho décimo de la demanda dice:

"Décimo: Que el demandado Angel Arroyo Rivera, con el consentimiento de su esposa, la codemandada María Aurora Estrada y Espinet, a sabiendas de que ya no era' dueño ni tenía ningún interés ni derecho en las fincas marcadas con las letras *a, b* y *c* y que se habían extinguido los créditos que afectaban a las fincas marcadas con las letras "d" y "e", maliciosamente, con la intención de defraudar al demandante y afectar el título y el derecho de propiedad

que le corresponde al demandante sobre las fincas descritas, otorgó con fecha 23 de septiembre de 1929, en Mayagüez, ante el Notario Benjamín J. Horton, una escritura de compraventa en virtud de la cual procedió a vender a la codemandada Juana Rivera y Gutiérrez las fincas descritas bajo las letras *a, b* y *c* y los créditos hipotecarios mencionados, que gravitaban sobre las marcadas con las letras "d" y "e", habiendo el propio señor Arroyo presentado dicha escritura al Registro de la Propiedad de San Juan y con respecto a la cual solamente se ha practicado hasta la fecha el asiento de presentación."

En la solicitud de *injunction* preliminar se reproducen los hechos de la demanda y se alega:

"Quinto: Que de llevarse a cabo la inscripción de dicha escritura se privará al demandante de los derechos inherentes al título de dominio que tiene sobre dichas fincas, adquirirá la demandada Juana Rivera y Gutiérrez derechos en el Registro en perjuicio del demandante, quien estará expuesto a una multiplicidad de procedimientos judiciales y a daños irreparables como dueño en pleno dominio de las referidas fincas, siendo insolventes los demandados Arroyo y su esposa.

"Sexto: Que para evitar que se consuma la inscripción de la referida escritura en el Registro de la Propiedad de San Juan, mientras se resuelve en definitiva este pleito, el demandante no tiene otro recurso rápido y adecuado en el curso ordinario de la ley y los demandados Angel Arroyo Rivera y su esposa María Aurora Estrada y Espinet y doña Juana Rivera y Gutiérrez, procederán a inscribir definitivamente a nombre de ésta dicha escritura y el Registrador la inscribirá, a menos que por esta Hon. Corte se expida un auto de injunction interlocutorio."

Realmente no se imputa en la demanda complicidad alguna a la demandada Juana Rivera en el acto que se atribuye a los otros demandados Arroyo Rivera y su esposa. Pero esta circunstancia que con tanto énfasis invoca la parte apelante, es precisamente la que llevó a la parte demandante a solicitar el *injunction* a fin de obtener una sentencia válida también contra Juana Rivera. Si la escritura de venta se lograba inscribir en el registro a favor de Juana Rivera, ésta, de acuerdo con el artículo 1376 del Código Civil, quedaría convertida en la verdadera dueña; y a impedir la inscrip-

ción antes de decidirse el pleito sobre nulidad, se dirigió el *injunction*.

Se trata de un caso de doble venta de bienes inmuebles en el que la propiedad pertenecerá al adquirente que antes la haya inscrito en el registro, según la disposición legal citada, y en el que de no existir inscripción pertenecerá a quien de buena fe sea primero en la posesión. No debe olvidarse que en la demanda se alega que el demandante no sólo es dueño si que también está en la posesión material de los inmuebles de que se trata. La demanda y la solicitud son suficientes.

Sostiene la parte apelante que no es aplicable a este caso el artículo 282 del Código de Enjuiciamiento Civil. Su argumento no nos convence de que no lo sea. Dice el artículo:

"Artículo 282.—Cualquiera persona puede promover una acción contra otra que reclama un derecho o participación en propiedad real que fuere opuesto a dicha acción para el efecto de que se resuelva la contradicción entre ambas."

Aquí los esposos Arroyo vendieron a Juana Rivera las fincas de que se trata y la compradora por medio del propio vendedor solicitó la inscripción de la escritura en el registro. No cabe duda pues que Juana Rivera se encontraba en el momento en que iba a perfeccionar su derecho cuando intervino el demandante alegando que es él el verdadero dueño de las casas vendidas a Juana Rivera por los Arroyo. Se trata claramente de reclamaciones opuestas sobre la misma propiedad real, habiéndose iniciado el pleito por la persona que está en posesión como dueño.

De Ruling Case Law tomamos la siguiente cita ilustrativa del origen y alcance de esta acción que introdujo en nuestro sistema de enjuiciamiento civil el código de 1904.

"En muchos estados se han aprobado estatutos que amplían grandemente la jurisdicción de las cortes en acciones sobre evicción y saneamientos y generalmente permiten que se instituyan procedimientos para determinar cualquier reclamación adversa, interés o participación en terrenos. . .

"El objeto de los estatutos que proveen lo necesario para la determinación de reclamaciones adversas sobre bienes inmuebles generalmente es proporcionar una manera fácil y expedita de determinar el título de los mismos. Se obtiene este resultado ampliando la facultad de la corte para determinar reclamaciones adversas sobre bienes inmuebles y para determinar el título de los mismos en aquellos casos en que de acuerdo con las reglas estrictas de una corte de equidad no podría entablarse un litigio sobre evicción y saneamiento; y en algunas jurisdicciones, para que una persona pueda —esté o no en posesión de la finca y posea el título legal o en equidad— incoar un procedimiento contra otra persona que alega tener participación en bienes inmuebles en oposición a ella. La acción para determinar reclamaciones adversas, no obstante ser estatutoria, es sustancialmente una en equidad, y a no ser que el estatuto disponga lo contrario, todas las reglas ordinarias que rigen los pleitos en equidad para determinar el título de bienes inmuebles son aplicables a tal acción, incluyendo la regla relativa a las partes que es necesario acumular a fin de obligar posibles intereses envueltos."
5 R.C.L. 643, 644.

La última parte de la cita indica que dentro de la acción puede recurrirse al procedimiento de *injunction*, como se hizo en este caso, y resuelve la contención suscitada por el registrador al comparecer para mostrar causa en la corte de distrito y levantada como error en esta Corte Suprema por Juana Rivera.

Es cierto que de acuerdo con la ley (Sección 1357 Estatutos Revisados de 1911) no se podrá otorgar un *injunction* "para impedir el cumplimiento de un estatuto público por funcionarios de la ley, en beneficio del público", pero ése no es aquí el caso, ya que se trata de una controversia puramente entre partes.

También es cierto que la ley fija medios para anotar reclamaciones judiciales en el registro y que otorga recursos contra las notas de los registradores, pero la verdad es que la evitación de la multiplicidad de los procedimientos que puedan surgir luego, se consigue mejor impidiendo a tiempo que la inscripción se verifique. Aquí el *injunction* se conce-

dió mediante fianza suficiente para cubrir cualquier perjuicio que se ocasione al demandado.

Con respecto a la no aplicación de la máxima "prior in tempore potior in jure" y al no reconocimiento de la condición de tercero de la demandada Juana Rivera por parte de la corte, son cuestiones que van a los méritos del caso. No puede negarse que con conocimiento o sin conocimiento de los antecedentes, la demandada intervino en el contrato cuya nulidad se solicita. Tampoco puede negarse que aunque tiene una gran fuerza el asiento de presentación en nuestro sistema hipotecario, el artículo 1376 del Código Civil exige la inscripción del inmueble en el registro para resolver el mejor derecho en casos de doble venta y aquí la inscripción no se había verificado.

Al presentarse los documentos, se asientan en la forma que la ley prescribe, y es ese asiento el que determina el momento del ingreso de cada título en el registro y con él el de aquél en que el derecho se hace público, pero es la inscripción, como dice Morell, la que representa la expresión de un derecho real eficaz contra terceras personas, la que supone algo permanente, duradero, que públicamente manifiesta a todos el sujeto de un derecho, el objeto determinado del mismo, su extensión y sus condiciones, y lo manifiesta sobre la base de un título previamente calificado, y, por tanto, con todos los caracteres de legalidad y seguridad necesarios, para que ante todo tercero aparezca ser ese derecho la única verdad en cuantas relaciones jurídicas motive el objeto a que la inscripción se refiera. 2 Morell, Legislación Hipotecaria, 4.

Para un estudio mayor de estas cuestiones véanse: Morell, Legislación Hipotecaria, vol. 2, págs. 3, 4 y 11, y vol. 5, pág. 231 y Barrachina, "Derecho Hipotecario y Notarial," vol. 1, pág. 163 y siguientes.

*Debe declararse sin lugar el recurso y confirmarse la orden apelada.*