La O Flores Salazar, demandante y apelado, *v.* Angel Arroyo Rivera, María Aurora Estrada Espinet, demandados y apelados, y Juan Rivera Gutiérrez y Augusto Malaret, Registrador de la Propiedad de San Juan, Sección Primera, demandados y apelantes.

No. 5195.—*Resuelto:* Marzo 30, 1932.

Luis Llorens Torres, abogado de los apelantes; *R. Rivera Zayas,* abogado del demandante apelado; *E. Rincón Plumey,* abogado de los demandados apelados.

EN MOCION DE RECONSIDERACION

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Hasta que una escritura sea efectivamente inscrita su mera presentación en el registro necesariamente tiene el mismo efecto que la inscripción. El artículo 28 de la Ley Hipotecaria dispone:

"Se considera como fecha de la inscripción para todos los efectos que ésta debe producir, la fecha del asiento de presentación, que deberá constar en la inscripción misma."

Las palabras "para todos los efectos que ésta debe producir" indican que podría haber casos excepcionales, mas esto sería aplicable solamente a escrituras que por sí solas no tenían derecho a ser inscritas. En otras palabras, la excepción indicada sería aplicable a casos en que el registrador por la escritura misma o por el conocimiento que él tuviere del registro, se negara a inscribir. Cuando en el caso de *Pérez* v. *Colón,* 40 D.P.R. 401, dijimos que un comprador no estaba obligado a examinar todos los libros del registro, en dicho caso una presentación se había convertido en una inscripción o se había fundido en ella. La presentación entonces era *functus officio.* El asiento de presentación es un aviso implícito a todo el mundo hasta que el documento sea realmente inscrito. Una escritura, una vez presentada, si merece inscribirse, tiene todos los efectos de tal inscripción. Los efectos del artículo 1376 del Código Civil no deben depender de la rapidez con que el registrador suela inscribir una escritura. La intención de la Legislatura, según el artículo 1376, claramente fué que en el caso de una doble venta tuviera lugar un certamen de diligencia y que el comprador que llegara primero al registro estuviera protegido en tanto en cuanto pueda protegerlo el registro. En ciertos casos, desde luego, el registro no es protección alguna, pero ese no es el caso que tenemos ante nos.

*Debe declararse sin lugar la moción de reconsideración.*
El Juez Presidente Señor del Toro disintió.*