[Civ. No. 8363. Second Appellate District, Division Two.—June 13, 1934.]

ARTHUR J. HERRMANN, Respondent, v. HENRY RIESENBERG et al., Appellants.

Hubert W. Swender for Appellants.

Pease, Dolley & Elson for Respondent.

DESMOND, J.—Defendants appeal from a default judgment inadvertently entered prior to disposition of issues raised by their answer, which contained a first and second defense. A demurrer had been interposed to the second defense, and according to the minute order of the court the demurrer "to the complaint" was sustained and ten days given to amend. No amendment being made in ten days, a default was entered, as well as judgment thereon, although the first defense still stood and in itself constituted an answer, raising issues that could be determined only by a trial. A motion was then made by plaintiff under section 473 of the Code of Civil Procedure to set aside the default and judgment which had been entered in his favor, but this motion was denied by the trial judge for lack of jurisdiction, the defendants having already taken an appeal to this court. Later another judge of the superior court

undertook to straighten out the record by entering certain *nunc pro tunc* orders sustaining the demurrer "as to the second defense" and allowing ten days for amendment.

■ Admitting, without deciding, that these *nunc pro tunc* orders may be considered as effectual for the purpose intended, "to make such minute entries speak the truth", we still are confronted with a judgment taken against defendants who have never had their day in court, at least as to matters of defense raised by the first portion of their answer. It is apparent then that the judgment must be reversed. Since this is so, we believe that the surest and most convenient way to see that justice is done to all parties and at the same time to eliminate the results of errors that may have occurred is to direct that in case a new trial is had, consideration first be given by the court to the motion to strike and to the demurrer which plaintiff has interposed. We are not making an order affirming or reversing the actions of the lower court on either of these matters because of confusion as to what the court did or intended to do in connection therewith.

Judgment reversed, with directions to the trial court to act in accordance with the foregoing instructions, if the case be retried.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.