LA O FLORES SALAZAR, Plaintiff and Appellee, *v.* ANGEL ARROYO RIVERA ET AL., Defendants and Appellants.

No. 7020. Argued May 5, 1936.—Decided April 23, 1937.

*Angel Arroyo Rivera* for himself and on behalf of the appellant Mrs. Estrada de Espinet; *Pedro Baigés Gómez* for appellant Mrs. Rivera. *R. Rivera Zayas* and *José E. Segarra* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

La O Flores brought this action to cancel a deed of conveyance and an entry as to the presentation thereof for record in the registry of property and any record entry in case the deed should have been recorded. Flores alleged in substance: That he had acquired certain lots *a, b, c, d,* and *e* from the purchaser at two foreclosure sales; that the defendant Arroyo was the record owner of the lots *a, b,* and *c* and of two mortgages on the lots *d* and *e;* that these two mortgages had been extinguished and Arroyo had ceased to be the owner of the three lots *a, b,* and *c,* by reason of the said foreclosure sales; that Arroyo, knowing that he was not the owner of the lots *a, b,* and *c,* and that the mortgages on the lots *d* and *e* had been extinguished, maliciously, and with the intention of defrauding plaintiff and of affecting plaintiff's title to and property rights in the five lots, had executed the deed in question whereby he sold to Juana Rivera Gutiérrez the lots *a, b,* and *c* and the mortgages on the lots *d* and *e,* which instrument Arroyo himself had presented in the San Juan registry wherein an entry as to such presentation had been made.

Juana Rivera demurred for want of facts sufficient to constitute a cause of action as to her. The district judge overruled this demurrer and granted defendants ten days within which to answer. She did not answer and her default was noted. After some other proceedings and a trial at which defendants did not appear, the district court rendered judgment for plaintiff.

The district court, we think, should have sustained the demurrer and dismissed the action.

There was no averment as to want of consideration or of any other fact tending to show participation on the part of Juana Rivera in the alleged fraudulent purpose of Arroyo. Plaintiff did not allege any facts tending to show any knowledge on the part of Juana Rivera, that Arroyo was not the owner of the lots *a, b,* and *c,* or that the mortgages on the lots *d* and *e* had been extinguished, or that Arroyo had any improper motive or design in disposing of the lots and mortgages as the record owner thereof. Juana Rivera was a *bona fide* purchaser. See 8 C. J. 1146; 9 C. J. 1222, section 123; 27 C. J. 506, section 175; *Id.* 679, section 474.

Article 33 and the pertinent portion of article 34 of the Mortgage Law read as follows:

"Art. 33.—Instruments or contracts which are null under the law are not validated by their admission to record.

"Art. 34.—Notwithstanding the provisions of the foregoing article, instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

"Only by virtue of a recorded instrument may another later instrument, also recorded, be invalidated to the prejudice of a third person, with the exceptions mentioned in article 389.

"          *          *          *          *          *          *          *      "

Article 389 forbids the introduction in evidence of any "document or instrument which has not been recorded in the registry whereby rights subject to record under said law, are constituted, transferred, acknowledged, modified, or discharged . . . if the purpose of the presentation should be to enforce to the prejudice of a third person a right which should have been recorded." Nevertheless, "such an instrument may also be admitted to record when presented for the purpose of securing the annulment and consequent cancellation of a record which prevents the record thereof."

As far as the foregoing enactments are intended to protect a purchaser for an adequate and valuable consideration without participation in any fraud on the part of his vendor and without knowledge or notice of his vendor's fraudulent intent or of any facts which put him upon inquiry, they are, like the Statute of 13 Elizabeth, supported by general principles of equity and common justice.

As between two *bona fide* purchasers of the same parcel of land when the second has recorded his title and the first has not, the question arises whether the case shall be governed by article 33 or article 34, whether the general rule prescribed by article 389 or the exception to that rule shall prevail. The answer to this question is found in section 1362 of the Civil Code (1930 ed.). The purchaser who first recorded his title is the owner.

This court has heretofore held that a presentation of a deed of conveyance for record in the registry of property, followed by a record entry as to such presentation, is, as far as we are now concerned with the effect of such an entry, tantamount to a record entry as to the deed itself. *Flores* v. *Arroyo,* 43 P.R.R. 93; *Id.,* 43 P.R.R. 268.

In the absence of anything to show that Juana Rivera was not a *bona fide* purchaser, the complaint did not state facts sufficient to constitute a cause of action as to her.

Inasmuch as the only relief prayed for was the cancellation of the deed and of the entries concerning it in the registry of property, what we have said practically disposes of the case. We may refer briefly, however, to one of the questions raised by the brief for Arroyo.

■■ Arroyo, after the overruling of his demurrer, answered the complaint. The district judge on plaintiff's motion struck from the answer a number of its averments. In some instances the judge was right, in others we are inclined to agree with Arroyo that the averments should not have been stricken. In any event, enough of the answer remained to constitute a substantial defense. Arroyo was not in de-

fault. 34 C.J. 169, section 381; *Herrmann* v. *Riesenberg et ux.,* (Cal. App.) 34 P. (2) 163; *Warden* v. *Lamb,* 98 Cal. App. 738, 277 Pac. 867; *Millikan* v. *Booth,* 46 Pac. 489; *Alexander* v. *Stewart,* 23 Ark. 18; *McMurty* v. *State,* 26 N. W. 915; *Berry* v. *Crowell,* 203 Pac. 835; *Dalton* v. *Rhodes Motor Co.,* 120 So. 821.

Nevertheless, the alleged default was noted at the request of plaintiff and thereafter the district judge proceeded upon the theory of a default, notwithstanding Arroyo's protest and an exception taken by him to a certain order of the court. In view of the conclusion already reached, we need not consider the question as to whether the error here referred to would be, without more, a sufficient ground for reversal.

The judgment appealed from must be reversed and the action dismissed.