La O Flores Salazar, demandante y apelado, v. Angel Arroyo Rivera, María Aurora Estrada Espinet y Juana Rivera Gutiérrez, demandados y apelantes.

Núm. 7020.—*Sometido:* Mayo 5, 1936. *Resuelto:* Abril 23, 1937.

*Angel Arroyo Rivera,* por sí y como abogado de la Sra. Estrada de Espinet, apelantes; *Pedro Baigés Gómez,* abogado de la Sra. Rivera, apelante, y *R. Rivera Zayas* y *José E. Segarra,* abogados del apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

La O Flores inició este recurso para anular una escritura de compraventa, el asiento de presentación de la misma en el registro de la propiedad, y cualquier inscripción en caso de que la escritura hubiese sido inscrita. Flores alegó substancialmente: que había adquirido los solares *a, b, c, d,* y *e,* del comprador en dos subastas en ejecución de hipoteca; que el demandado Arroyo aparecía en el registro como dueño de los solares *a, b* y *c,* y de dos hipotecas sobre los solares *d* y *e;* que estas dos hipotecas se habían extinguido y Arroyo

había dejado de ser el dueño de los tres solares *a, b* y *c,* debido a las referidas subastas; que Arroyo, sabiendo que no era el dueño de los solares *a, b* y *c,* y que las hipotecas sobre los solares *d* y *e* se habían extinguido, maliciosamente y con el propósito de defraudar al demandante y de perjudicar su título y su derecho de propiedad sobre los cinco solares, había otorgado la escritura en cuestión, por la que le vendió a Juana Rivera Gutiérrez los solares *a, b* y *c* y las hipotecas en los solares *d* y *e,* escritura que fué presentada por Arroyo mismo en el Registro de la Propiedad de San Juan, haciéndose el correspondiente asiento de presentación.

Juana Rivera excepcionó por falta de hechos suficientes para determinar una causa de acción en cuanto a ella. El juez de distrito declaró sin lugar esta excepción y concedió a los demandados diez días para contestar. Ella no lo hizo así y se le anotó la rebeldía. Luego de otros procedimientos y de un juicio al cual no comparecieron los demandados, la corte de distrito dictó sentencia en favor del demandante.

■ En nuestra opinión, la corte de distrito debió haber declarado la excepción previa con lugar y desestimado el recurso.

No había alegación alguna respecto a la falta de causa o de cualquier otro hecho tendente a demostrar la participación de Juana Rivera en el supuesto móvil fraudulento de Arroyo. El demandante no alegó hecho alguno que demostrara que Juana Rivera tuviera conocimiento de que Arroyo no era el dueño de los solares *a, b* y *c,* o de que las hipotecas sobre los solares *d* y *e* se habían extinguido, o de que Arroyo tenía un motivo o designio impropios al disponer de los solares e hipotecas en su carácter de dueño en el registro. Juana Rivera fué una adquirente de buena fe. Véase 8 C. J. 1146; 9 C. J. 1222, sec. 123; 27 C. J. 506, sec. 175; Id. 679, sec. 474.

El artículo 33 y la parte pertinente del 34 de la Ley Hipotecaria leen como sigue:

"Artículo 33.—La inscripción no convalida los actos o contratos que sean nulos con arreglo a las leyes.

"Artículo 34.—No obstante lo declarado en el artículo anterior, los actos o contratos que se ejecuten u otorguen por persona que en el Registro aparezca con derecho para ello no se invalidarán en cuanto a tercero, una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo Registro.

"Solamente en virtud de un título inscrito, podrá invalidarse, en perjuicio de tercero, otro título posterior también inscrito, salvo lo dispuesto en el artículo 389.

"  .      .      .      .      .      .      .      .      ."

El artículo 389 prohibe que se ofrezca en evidencia "ningún documento o escritura de que no se haya tomado razón en el registro por el cual se constituyeren, transmitieren, reconocieren, modificaren o extinguieren derechos sujetos a inscripción, . . . . si el objeto de la presentación fuese hacer efectivo en perjuicio de tercero el derecho que debió ser inscrito." Sin embargo, "también podrá admitirse el expresado documento cuando se presente para pedir la declaración de nulidad y consiguiente cancelación de algún asiento que impida verificar la inscripción de aquel documento."

En tanto en cuanto los anteriores preceptos tienden a proteger un adquiriente por causa adecuada y de valor, que no participa en ningún fraude por parte del vendedor, y que no tiene conocimiento o aviso de la intención fraudulenta de éste o de hecho alguno que lo pongan sobre aviso, ellos son, al igual que el Estatuto 13 de Isabel, sostenidos por principios generales de equidad y de justicia común.

Entre dos adquirentes de buena fe del mismo predio de terreno cuando el segundo ha inscrito su título y el primero no lo ha hecho, surge la cuestión de si el caso debe regirse por el artículo 33 o por el 34, si debe prevalecer la regla general prescrita por el artículo 389 o la excepción a tal regla. La respuesta a esta cuestión se encuentra en el artículo 1362 del Código Civil (ed. de 1930). El adquirente que primero inscribió su título es el dueño.

Esta corte ha resuelto que la presentación de una escritura de compraventa para su inscripción en el registro de la

propiedad, seguida del asiento de presentación, es, en tanto en cuanto el efecto de esa anotación ahora nos concierne, equivalente a una inscripción de la escritura en sí. *Flores v. Arroyo,* 43 D.P.R. 97; *Id.,* 43 D.P.R. 282.

En ausencia de algo que demuestre que Juana Rivera no fué una adquirente de buena fe, la demanda no aducía hechos suficientes para determinar una causa de acción contra ella.

Toda vez que el único remedio que se solicitó fué la cancelación de la escritura y de los asientos en el registro de la propiedad respecto a ella, lo antes expuesto prácticamente dispone del caso. No obstante, podemos referirnos brevemente a una de las cuestiones planteadas en el alegato de Arroyo.

▮▮ Arroyo, después que se declaró sin lugar su excepción previa, contestó la demanda. A moción del demandante, el juez de distrito eliminó de la contestación un número de sus alegaciones. En algunos casos, el juez estuvo en lo cierto; en otros, estamos inclinados a convenir con Arroyo en que las alegaciones no debieron haberse eliminado. De todos modos, de la contestación quedó lo suficiente para que ésta constituyera una defensa substancial. Arroyo no estaba en rebeldía. 34 Corpus Juris, 169, sec. 381; *Herman* v. *Riesenberg,* (Cal. App.) 34 Pac. (2d) 163; *Warden* v. *Lamb,* 98 Cal. App. 738, 277 Pac. 867; *Millikan* v. *Booth,* 46 Pac. 489; *Alexander* v. *Stewart,* 23 Ark. 18; *McMurtry* v. *State,* 26 N. W. 915; *Berry* v. *Crowell,* 203 Pac. 838; *Dalton* v. *Rhodes Motor Co.,* 120 So. 821.

No obstante, se anotó la supuesta rebeldía a instancias del demandante, y el juez entonces actuó bajo la teoría de la rebeldía, a pesar de la protesta de Arroyo y de su excepción a cierta orden de la corte. En vista de la conclusión a que hemos llegado, no necesitamos considerar la cuestión de si el error aquí referido sería, sin más, motivo suficiente para la revocación.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda.*